BENJAMIN F. EVANS, Plaintiff in Error, *v.* AMOS EDWARDS, impleaded with Almon J. Lounsbury, Defendant in Error.

ERROR TO LIVINGSTON COUNTY COURT.

A seal imports consideration, and a declaration upon a sealed bond need not aver any other.

THIS was an action of debt brought by the plaintiff in error

against the defendant in error, and Almon J. Lounsbury, to the December term, 1857, of the County Court of Livingston county.

Summons served on Edwards ; Lounsbury not served.

The declaration is in the words and figures following, to wit:

STATE OF ILLINOIS, ⎱ ss.      In the County Court thereof, of the December
LIVINGSTON COUNTY.   ⎰         Term, A. D. 1857.

Benjamin F. Evans, the plaintiff in this suit, by C. J. Beattie, his attorney, complains of Almon J. Lounsbury and Amos Edwards, the defendants in this suit, in a plea that the said defendants render to the said plaintiff the sum of two hundred and forty-eight dollars and eighty-six cents, which they owe to and unjustly detain from him.    For that whereas the said defendants, heretofore, to wit, on the third day of August, in the year of our Lord one thousand eight hundred and fifty-seven, at the county of Livingston and State of Illinois, by their certain writing obligatory, sealed with their seals, and now shown to the court here, the date whereof is the day and year aforesaid, acknowledged themselves to be held and firmly bound unto the said plaintiff in the sum of two hundred and forty-eight dollars and eighty-six cents, above demanded to be paid to the said plaintiff.    And the said plaintiff, according to the form of the statute in such case made and provided, says that the said writing obligatory was and is subject to certain conditions thereunder written, whereby it is provided, that the condition of the above obligation is such that whereas the above bounden A. J. Lounsbury and the aforesaid B. F. Evans did, on the 21st day of July, 1857, buy of one Geo. W. King, of La Salle, in the State of Illinois, jointly, a stock of groceries to the amount of three hundred and forty-eight and 86-100 dollars, two hundred and forty-eight and 86-100 dollars of which amount yet remains unpaid, and for the payment of which remaining amount the said Lounsbury and Evans are jointly bound, and the said Lounsbury having bought of the said Evans his interest in the said goods, agreeing therefor to pay to the said Geo. W. King the whole amount of the said two hundred and forty-eight and 86-100 dollars at the time it fell due.    Now, therefore, if the said A. J. Lounsbury shall well and truly pay, or cause to be paid, to the said Geo. W. King, the sum of two hundred and forty-eight dollars and eighty-six cents, as follows, one hundred and twenty-four and 43-100 dollars on the 21st day of August, 1857, and the remaining sum of one hundred and twenty-four and 43-100 dollars on the 21st day of September, 1857, so as to relieve the said B. F. Evans entirely from any liability to pay the same, then this obligation to be void, otherwise to remain in full force and effect.    Nevertheless, the said plaintiff in fact says that after making the said writing obligatory, to wit, on the day and

year aforesaid, at the place aforesaid, the said Almon J. Lounsbury did not pay to the said Geo. W. King the said sum of two hundred and forty-eight dollars and eighty-six cents, mentioned in the said condition of the writing obligatory, at the time that it became due, nor any part thereof, but to do the same hath hitherto wholly refused, and still doth refuse; and the said plaintiff, for assigning a further breach of the said condition of the said writing obligatory, according to the form of the statute in such case made and provided, further says that the said A. J. Lounsbury did not pay the said sum of one hundred and twenty-four dollars and forty-three cents mentioned in the said condition of the said writing obligatory, to the said Geo. W. King, on the 21st day of August, in the year of our Lord one thousand eight hundred and fifty-seven, nor any part thereof, but so to do hath hitherto wholly refused, and still doth refuse. And the said plaintiff, for assigning a further breach of the said condition of the said writing obligatory, further says, that the said A. J. Lounsbury did not pay the said other sum of one hundred and twenty-four dollars and forty-three cents, mentioned in the said condition of the said writing obligatory, to the said Geo. W. King, on the twenty-first day of September, in the year of our Lord one thousand eight hundred and fifty-seven, but to do so hath hitherto wholly refused, and still doth refuse. And the said plaintiff in fact says that he has not been relieved from the said liability, but that he has paid the said sum of two hundred and forty-eight dollars and eighty-six cents to the said Geo. W. King. By means of which said several premises an action hath accrued to the said plaintiff to demand and have of the said defendants the sum of two hundred and forty-eight dollars and eighty-six cents, above demanded. Yet the said defendants, although often requested so to do, have not as yet paid the said sum of two hundred and forty-eight dollars and eighty-six cents, above demanded, or any part thereof, to the said plaintiff, but to do so have hitherto wholly refused, and still do refuse, to the damage of the said plaintiff, of three hundred dollars, and therefore he brings this suit, etc.

A copy of the obligation was filed with the declaration.

At the said December term the said defendant, Amos Edwards, appeared and filed a general demurrer to plaintiff's declaration, which demurrer was sustained by the court, and judgment rendered against said plaintiff for costs.

O. R. Powers, C. J. Beattie, and Charles C. Bonney, for Plaintiff in Error.

Duff & Harding, for Defendant in Error.

CATON, C. J. The declaration in this case is on a penal bond, and is unobjectionable in every particular. The court below, in what purports to be a bill of exceptions, informs this court that the demurrer was sustained because the declaration does not aver that the bond was entered into upon a sufficient consideration. The seal imports a consideration, and it was unnecessary to aver any other. The judgment will be reversed, and the cause remanded, with instructions to the County Court to enter judgment for the plaintiff on the demurrer, and to take an inquest of the plaintiff's damages, and to award execution in proper form.

*Judgment reversed.*