GEORGE BEESE *et al.*

*v.*

FREDERICK BECKER.

REMITTITUR—*in the Supreme Court.* Where a decree has been rendered for too large a sum, the appellate court will not allow a *remittitur* to be entered therein for the excess, and affirm the decree for the remainder. It is the settled doctrine that the record of the court below cannot be altered or amended in the appellate court.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. CHAS. W. THOMAS, for the plaintiffs in error.

Mr. WM. H. UNDERWOOD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a petition for a mechanic's lien, filed by defendant in error, in the St. Clair Circuit Court, against plaintiffs in

error. The petition alleged that petitioner entered into a verbal agreement with Beese to build for him a house on a lot in Belleville, described in the petition, for which he was to give petitioner $1,983.50, of which sum. $300 was to be paid when the work should be commenced; that petitioner commenced the work on the 10th day of May, 1867, and the $300 was paid to petitioner; that the house was finished, and Beese received it on the 28th day of July, 1867; that when the petition was filed $1,683.50 was due, with ten per cent. from August, 1867, until paid; that by the agreement a reasonable time was to be given for the payment of the remainder of the price; and that a reasonable time had elapsed, and Beese had failed to pay the money.

That one Frederick Kircher held a mortgage on the premises, payable in one and two years from the 8th day of May, 1867, and that this mortgage remained unsatisfied.

Beese and Kircher were made defendants, and an account was prayed to be taken and the sum due petitioner be ascertained; that a day be fixed for its payment, and in default thereof that the premises be sold to satisfy the lien. A summons was issued and served on the defendants, but they failed to appear, and a default was entered, the petition taken as confessed, and the court found that there was due to petitioner from Beese, for principal, interest and charges, the sum of $1,775.50, and a lien was decreed to exist upon the premises for that amount and for costs of suit, but subject to the mortgage held by Kircher, and if not paid, with interest, within twelve months, a special execution issue to the sheriff for the sale of the premises, after giving the usual notice, without redemption, and if the proceeds of the sale should be insufficient to pay the same, that execution issue for the collection of the balance, and if there should be a surplus that it be paid to Beese.

The case is brought to this court on writ of error, and errors are assigned that the decree is for too large a sum, and for more than is claimed by the petition, and in decreeing the

payment of the amount claimed, with interest and charges, and in ordering a sale on the usual notice, without fixing the time it should be given.

The defendant in error entered his appearance in this court and offered to remit the sum of $49.35, and urged an affirmance for the remainder of the decree.

The question is presented, whether that error can be cured, or, rather, whether the effect of the error can be avoided by entering a *remittitur* in this court. The attorney of defendant in error has referred to adjudged cases in other courts, where such a practice obtains. But it has for a long period of time been otherwise settled in this court. As early as 1841, it was held by this court, in the case of *Dowling* v. *Stewart,* 3 Scam. 193, that a party could not remit a portion of his recovery, in this court, and thus escape the consequences of having taken too large a judgment in the court below, and the rule has been recognized and followed in a number of subsequent cases. See *Fournier* v. *Faggott,* 3 Scam. 347 ; *Chenot* v. *Lefevre,* 3 Gilm. 637 ; *Pickering* v. *Pulsifer,* 4 Gilm. 79.

In all of these cases leave was asked of this court to permit the entry of a *remittitur,* but was refused ; and the practice thus established has been uniform from its first adoption. It has ever been the doctrine of this court that the record of the court below can not be altered, amended, or in any wise changed in this court, and hence the refusal to permit the judgment of the court below to be altered by a *remittitur* entered in this court ; and there seems to be no reason why the rule should not apply with equal force to a decree in a mechanic's lien case as in a proceeding at law. In the one case as in the other the evidence fails to support the finding below, and being erroneous it must be reversed, and when reversed, this court will treat such cases as it does others where a reversal is had.

The case of *Schneider* v. *Seeley,* 40 Ill. 259, is unlike this case, in that the record showed that a *remittitur* had been entered in the court below, but disregarded in entering up the

judgment. But in that case it was only said that if there was no other error, we perhaps might have entered judgment in this court, but it was not intimated that there would not have been a reversal. And whether a judgment shall be rendered in this court is a matter of discretion which is seldom exercised. That case in no wise militates against the authority of previous decisions of the court.

When the decree is reversed it can matter but little whether a decree shall be rendered for the proper amount in this or the court below. The reversal having been made, the effect of the reversal upon the rights of the parties is the same whether a new trial is had in the court below or in this court. In either case it would be a new trial and a new decree.

We discover no other error in the decree, but because it was rendered for too large a sum, the decree must be reversed and the cause remanded.

*Decree reversed.*