## ALONZO EDWARDS

*v.*

## BENJAMIN F. EVANS.

1. JUDGMENT—*judge's entry is not.* An order of the judge on his docket for judgment on the verdict of a jury, not entered upon the record, is not a judgment.

2. REVERSAL—*special directions.* Where the judgment of the court below upon demurrer to the plaintiff's declaration was reversed, with special direction to the court to render judgment in favor of the plaintiff upon the demurrer and take an inquest of damages, and where the second judgment entered under the remanding order was reversed at the suit of the defendant below, it was *held*, that the subsequent reversal abrogated the direction given in the first order of reversal, and that the defendant was entitled, on a showing, to plead to the merits.

APPEAL from the County Court of Livingston county; the Hon. L. E. PAYSON, County Judge, presiding.

This was an action of debt upon a penal bond. The court below sustained a demurrer to the declaration, because no consideration was averred for the undertaking. The judgment was reversed by this court (26 Ill. 279), on the ground that the seal imported a consideration, with special direction to the county court to overrule the demurrer and render judgment in favor of the appellee against appellant, and take an inquest of damages. The judgment of the county court rendered under this direction was reversed by this court on errors confessed and the cause again remanded. The plaintiff below, at the June term, 1862, of the county court, appeared and presented the mandate of this court on the last reversal, and the order of this court on the first reversal, directing judgment for the plaintiff, and thereupon the county judge entered an order upon his docket for judgment in favor of the plaintiff upon the verdict of a jury of inquest, but the judgment was not entered on the record. The defendant sued out a writ of error to reverse this supposed judgment, which was dismissed on the ground that there was no judgment, and nothing to reverse. After this, in September, 1862, both

parties appeared in the county court, and defendant moved that the cause be reinstated and a change of venue granted, and filed affidavits showing grounds of defense, and that he had no notice of the proceedings at the June term. The county court overruled both motions. At the September term, 1870, about eight years thereafter, the county court, upon notice to defendant, ordered the entry of judgment *nunc pro tunc* upon the verdict of the jury.

Mr. B. C. COOK, for the appellant.

Mr. CHARLES J. BEATTIE and Mr. N. J. PILLSBURY, for the appellee.

Per CURIAM: From the record in this case, there has never been a trial upon the merits, and we are now asked to affirm the judgment on account of the decision between the same parties in *Evans* v. *Edwards*, 26 Ill. 279.

The suit was commenced in November, 1857. In December following, a demurrer was filed to the declaration, alleging, as cause of demurrer, *a want of consideration in the bond sued on.* This was sustained and judgment rendered against plaintiff for costs.

The suit was then brought to this court, and reversed with directions.

In December, 1861, a judgment was again obtained in the court below, and was reversed by this court in April, 1862. This reversal abrogated the decision reported in 26 Ill. *supra.*

The supposed judgment, at the June term, 1862, of the court below, was no judgment. It was never entered upon the record. There was only a verdict and an order of the judge upon his docket. Upon the motion and affidavit of the defendant, at the September term, 1862, the verdict should have been set aside, and the defendant should have been permitted to plead and defend the suit.

The judgment is reversed and the cause remanded.

*Judgment reversed.*