MARY CALDWELL *et al.*

*v.*

ROBERT J. RICHMOND.

1. PLEADING *in an action on a title bond—of the declaration—whether sufficient.* In an action of debt on a penal bond, where the breach alleged was the failure of the principal in the bond to keep his covenant to make to the plaintiff, on the payment to him by the plaintiff of a certain sum of money within a certain time, a good and sufficient deed of conveyance in fee simple of a certain tract of land, it was *held,* that the declaration, it failing to aver on the part of the plaintiff a tender of performance or readiness to perform, was defective.

2. NIL DEBET—*whether a proper plea.* In such an action, *nil debet* is not a good plea.

Statement of the case.

3. PENAL BONDS—*form of judgment thereon.* In an action of debt on a penal bond, the verdict, if in favor of the plaintiff, should specify the debt and damages, and judgment should be rendered for the debt to be satisfied by the payment of the damages and costs.

WRIT OF ERROR to the Common Pleas Court of Sparta; the Hon. WILLIAM P. MURPHY, Judge, presiding.

This was an action of debt, brought by Robert J. Richmond against Mary Caldwell and Jane Nimmock. The special count in the declaration was on a penal bond, and alleged that the defendants, on the first of February, 1867, made their writing obligatory to the plaintiff in the penal sum of $1600 (in the usual form of bonds to convey land,) which recited that said Mary Caldwell had sold to plaintiff, on that day, lots 1, 2, 3, 7, 8, 9 and 10, in block 28, in the town of Eden, Randolph county, Illinois, for $800, secured to be paid by a promissory note of that date, from said Richmond to said Caldwell, to be paid on or before the 1st of February, 1870, with ten per cent interest from date. It was further alleged that said Caldwell covenanted therein to make a good and sufficient deed of conveyance in fee simple for said lots; that, on the 9th of February, 1867, said Richmond paid a large sum of money, to-wit: $760, on said note; that before the sale, on the 15th of January, 1867, said Caldwell represented to said Richmond that the title to said lots was good and perfect in every respect, and that he relied on said statement; that Caldwell concealed the true state of facts in relation thereto, and that said Richmond was unable to discover, by reasonable search, any defect in said title until after said payment; that when said note became due, Richmond made a demand for a warranty deed, together with an abstract of title, but did not tender the residue of the purchase money because the title in said premises was not then or before in said Caldwell; that she then admitt.⸱ that she had not and could not then convey a perfect title to said premises; that Caldwell did not, on the 1st of February, 1870, execute and deliver to

said Richmond a sufficient deed to said lots as she covenanted to do ; that said lot number one, etc., as aforesaid, is the one on which the dwelling house of said premises stands ; that said Caldwell has not, and never had, any title or estate in said lot No. 1, and that the title to the remainder is dubious, and that the remaining lots, without lot No. 1, are of no value ; by means whereof an action hath accrued to said Richmond, etc., to his damage $2000. A trial resulted in a judgment in favor of the plaintiff, to reverse which the defendants bring the record to this court.

Mr. WILLIAM H. UNDERWOOD, and Mr. JOHN MICHAN, for the plaintiffs in error.

Mr. J. BLACKBURN JONES, and Mr. A. N. SPRAGUE, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The special count in the declaration in this case was defective in not averring a tender of performance or readiness to perform on the part of the plaintiff. The defendant, however, waived his demurrer by pleading *nil debet*. This was not a good plea, but the parties went to trial and the jury found a verdict for the plaintiff for $740, without specifying whether it was for debt or damages, and the court rendered a general judgment for that amount. In this there was error. As has often been decided by this court, the verdict should have specified the debt and damages, and a judgment should have been rendered for the debt, to be satisfied by the payment of the damages and costs. The judgment is reversed and the cause remanded.

*Judgment reversed.*