## James Mitchell

v.

## James Bannon.

1. REVERSAL OF JUDGMENT—EFFECT.—The effect of a judgment of this court, reversing the judgment of the court below, and remanding the cause, is to set aside the judgment below, and the case is then subject to be tried anew, and upon such trial parties are entitled to all their rights, including that of trial by jury, the same as though the first trial had not occurred.

2. EFFECT OF REVERSAL UPON PLEADINGS—DEMURRER TO EVIDENCE. —Where a defendant demurred to the evidence, and judgment was rendered against him, which was afterward reversed by the Appellate Court, upon a re-trial the defendant is entitled to contest the evidence, and take the verdict of a jury upon the issue of fact. The demurrer to the evidence upon the first trial was tendered for that occasion only, and does not preclude the defendant from afterward contesting the issue of fact.

3. DEMURRER TO EVIDENCE—NATURE OF.—A demurrer to evidence should not be regarded as an estoppel in another trial. It is in no proper sense a pleading, which can be withdrawn or amended only by leave of court; it is merely a part of the trial itself and may be wholly ignored and disregarded on another trial.

ERROR to the City Court of Alton; the Hon. A. H. GAM-BRILL, Judge presiding. Opinion filed, April 14, 1882.

Messrs. YAGER & McGINNIS, for plaintiff in error.

Messrs. WISE & DAVIS, for defendant in error; as to the object and effect of a demurrer to evidence, cited Gould's Pl. Chap. 9, § 34; Dormady v. State Bank, 2 Scam. 240; Fowle v. Common Council, 11 Wheat. 320; Bank of U. S. v. Smith, 11 Wheat. 171; Patrick v. Hallett, 1 Johns. 241; Green v. Judith, 5 Rand. 1; Fent v. T. P. & W. R'y Co. 59 Ill. 350.

Mitchell v. Bannon.

The action of the court in reinstating the demurrer was correct: C. & N. W. R'y Co. v. Dimmick, 80 Ill. 388; Dimmick v. C. & N. W. R'y Co. 80 Ill. 338.

Wall, J.—This case was before us at a former term. As it then appeared, the question was as to the judgment of the trial court upon a demurrer to the evidence. We were of opinion that the court erred in allowing the plaintiff merely nominal damages, and though urged to enter a judgment in this court for the damages which might have been inferred from the conceded facts, we declined to do so, but reversed the judgment and remanded the cause. The present record discloses that the order of reversal having been filed in the trial court, the plaintiff moved that court to assess the damages, and the defendant entered a cross-motion for leave to withdraw the demurrer to the evidence. The court allowed the latter and refused the former motion. The cause was then continued twice, and at the third term the plaintiff moved the court to rescind the order permitting the demurrer to be withdrawn, and the defendant moved to strike this motion from the files. The court after argument, granted the motion to rescind the former order, and reinstated the demurrer; and after consideration of the same adjudged that the plaintiff was entitled to recover in the premises and that his damages be assessed by jury. Accordingly a jury was called, witnesses were examined touching the damages; the demurrer to the evidence was read to the jury, and a verdict rendered assessing damages at $2,000, upon which final judgment was entered, a motion in arrest being overruled.

The assignments of error, question the propriety of these proceedings. The evidence before the jury is not preserved in the bill of exceptions, and we can not, therefore, presume anything against the verdict upon the assessment of damages, and the sole question for consideration, is upon the action of the court. The controlling question, as we regard it, is, what was the effect of the reversal of the former judgment? Counsel seem to suppose, and the court below apparently entertained the same view, that it left the parties in the same attitude they

occupied when the demurrer to the evidence was joined, and the jury discharged. The judgment was, that upon the facts admitted by the demurrer, the plaintiff was entitled to one cent damages. This judgment was reversed, and while the reason assigned was that plaintiff was entitled to substantial damages, yet the whole judgment, as an entirety, was set aside, and the case was then subject to be tried anew, and upon such new trial, the parties were entitled to all their rights, including the right to a jury, and to a hearing upon the evidence, precisely as though the first trial had not occurred. The demurrer to the evidence was tendered for that occasion only, and for the judgment of the court then to be pronounced, and if that judgment was reversed and the cause again tried, the defendant was not thereby precluded from contesting the evidence, and taking the verdict of the jury upon the issue of fact.

In the case of Chickering v. Failes, 29 Ill. 294, the Supreme Court said: " Where a reversal of a decree or judgment occurs, the judgment of the court below, as to the parties to the record is entirely abrogated, and the cause then stands in the court below precisely as if no trial had occurred. The case is then remitted to that court, in precisely the same condition in all respects as it occupied before the trial in that tribunal. The decree, by its reversal, is in effect expunged from the record." See, also, Beese v. Becker, 51 Ill. 82; Edwards v. Evans, 61 Ill. 492.

In Freeman on Judgments, the rule is stated thus, Sec. 481: "The reversal of a judgment by any competent authority restores the parties litigant to the same condition in which they were prior to its rendition. The judgment reversed becomes mere waste paper, and the parties to it are allowed to proceed in the court below to obtain a final determination of their rights in the same manner, and to the same extent, as if their cause had never been heard or decided by any court." If, then, the effect of the reversal is to place the parties in *statu quo*, and the cause then stands in precisely the same condition as if no trial had occurred, it is too clear for argument that the court erred in the course adopted in this instance. The case should

have been tried anew, and the defendant was not bound to again demur to the evidence. Suppose the judgment on the first trial had been for the defendant, the court being of opinion that no cause of action was presented, and that judgment had been reversed, we presume it would not be contended that on the second trial the plaintiff must introduce the same testimony, and that he should be precluded from strengthening his case by offering other and more convincing testimony, and yet it must be conceded that parties have equal and reciprocal rights in the trial of causes.

The demurrer to the evidence should not be regarded as an estoppel in another trial. Its office had been fully performed; and while it might for the sake of convenience be again used if the defendant so desired, yet it was not a part of the record in the first place, until made so by its incorporation with the bill of exceptions, and it has no more force or essential vigor than any other portion of the bill of exceptions. Crowe v. The People, 92 Ill. 236; Roth v. Smith, 54 Ill. 431. It was in no proper sense a pleading (which can be withdrawn or amended only by leave of the court), but it was a part of the trial itself, standing in lieu of the testimony then offered, and may be wholly ignored and disregarded on another trial. The judgment is reversed and cause remanded for further proceedings consistent with the views above expressed.

Reversed.