G. H. Hammond Co. v. Herman Papke.

1. PLEADING—*A Release, Puis Darrein Continuance, in Personal Injury Cases.*—An action on the case for personal injuries is an exception to the general rule of the common law, that a matter of defense which arises after suit brought and after plea filed, and either before replication or after issue joined, must be pleaded *puis darrein continuance.* Such a release may be given in evidence under the general issue.

2. FRAUD—*Release Obtained by.*—Fraudulent representations which relate wholly to matters by which a person is induced to make a release are not sufficient to avoid such release in a court of law.

3. SAME—*When Sufficient to Avoid a Release in a Court of Law.*— The only fraud permissible to be proved at law for the purpose of avoiding a release is that touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or by obtaining by some other trick or device an instrument which the party did not intend to give.

4. RELEASE—*Of Damages in Personal Injury Cases.*—Where a release of damages in a case for personal injuries is understandingly executed by the person injured, it is legally binding upon him and furnishes a complete bar to an action by him for such injuries.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed November 8, 1900.

JOHN B. BRADY, F. J. CANTY and J. C. M. CLOW, attorneys for appellant.

JAMES C. MCSHANE, attorney for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

The appellee recovered a verdict and judgment for $8,000, in a suit brought by him against the appellant for damages because of personal injuries alleged to have been sustained by him while working for the appellant in its packing house, and this appeal is from that judgment.

To the declaration, the only plea was that of the general issue.

On the trial, the defense introduced in evidence a certain release under seal, executed by the appellee, as follows:

" Whereas, on or about the 27th day of January, 1898, I, Herman Papke, while engaged in the employment of the G. H. Hammond Co., was injured, and suit has been instituted to recover damages for said injury in the court of Cook County, Ill.

And, whereas, it is proposed to compromise the said suit by the payment of five·hundred and fifty dollars in full settlement, accord and satisfaction of all claims for damages alleged in said suit, or which I now have or may have as a consequence of said injury, and for all future damage flowing therefrom, and such sum of five hundred and fifty dollars has been paid to me, the receipt of which I hereby acknowledge.

Now, therefore, in consideration of the premises, I hereby remise, release and forever discharge the said G. H. Hammond Co. from all claims or demands of every sort arising from said injuries, and authorize the dismissal of the said suit without further notice to me or my attorneys.

In testimony whereof, I have hereunto set my hand and seal in duplicate, this third day of May, 1899.

HERMAN PAPKE. [SEAL.]

Witnesses to signature :

CARL LINDNER, W. Hammond, Ill.,
J. EBY, W. Hammond, Ill.,
J. P. ROBINETTE.

May 3, '99.

STATE OF ILLINOIS, } ss.
Cook County,

I, Henry F. Lindner, a notary public in and for the said county, in the State aforesaid, do hereby certify that Herman Papke, personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release.

Given under my hand and notarial seal this third day of May, A. D. 1889.

HENRY F. LINDNER,
Notary Public."

Objection to the introduction of the release was made by appellee on the ground that it had not been specially pleaded, but the objection was overruled, and an exception was preserved.

G. H. Hammond Co. v. Papke.

An action on the case is an exception to the general rule of the common law, that a matter of defense which arises after suit brought and after plea filed, and either before replication or after issue joined, must be pleaded *puis darrein continuance.*

It was competent to give the release in evidence under the plea of the general issue. City of Chicago v. Babcock, 143 Ill. 358; Kapischki v. Koch, 180 Ill. 44; C. W. & V. Coal Company v. Peterson, 45 Ill. App. 507.

To meet the effect of the release, the appellee sought to show that it was obtained from him by fraudulent representations made to him by the agents of the appellant at the time and prior to the execution of the release.

The representations claimed to be fraudulent, that were made to appellee, were such as did not at all inhere in the execution of the release. They went wholly to matters and things whereby appellee was induced to make the release. Whether they furnished grounds in equity for a reformation of the release, or a setting aside of it altogether, we express no opinion. But they were not of a kind that would avoid the release in a court of law.

It is said, in George v. Tate, 102 U. S. 564:

" It is well settled that the only fraud permissible to be proved at law in these cases, is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give."

Where such fraud has been practiced in the execution of a sealed instrument it attacks the legal existence of the instrument itself, and can be availed of in a court of law as well as in equity. But where not, then the rule is as stated, in all jurisdictions where the two separate systems of jurisprudence prevail—of law and equity—as in Illinois.

We might cite many authorities, but do not believe it to be necessary, and will stand content with referring only to Vandervelden v. Chicago & North Western Ry. Co., 61 Fed. Rep. 54.

It is not claimed, as we observe, that appellee did not

fully understand the nature of the release, and that at the time he signed it he did not intend to forever release and discharge the appellant as broadly as is expressed by the instrument; and if it were, his own testimony would completely repel any such endeavor. And, as expressed in the release, the consideration for its execution was paid to appellee by appellant at the time the release was executed.

We have no doubt, under the evidence, that the release was a legally binding instrument and furnished a complete legal bar to the suit.

It was material error to admit in evidence the matters tending to show how it was that appellee was induced to execute the release.

It is argued with much industry and persistence, that the question was a jurisdictional one, and that the appellant had not placed himself in a position to raise it.

It would take too much space to review all that is said in that respect. A diligent and careful consideration of the record satisfies us that the objections interposed by the appellant, and the course adopted in trying the case, saved the question for review.

The court being divided on the merits of the case, except as to the release in question, it is thought better not to discuss them.

The release being a complete bar, at law, and with it standing there being no possible right to recover, the judgment is one of reversal only. Reversed without remanding.

**Finding of Facts** to be incorporated in the judgment: The court finds that after the cause of action in the several counts of the declaration had accrued to appellee, and after his commencement of suit thereon and after issue joined, the appellee, in consideration of $550 to him paid by appellant, on May 3, 1899, by a valid writing signed, sealed, witnessed and acknowledged, released and forever discharged the appellant from all claim or demands of every sort arising from said injuries in said declaration, and each and every count thereof mentioned.

This finding shall not be construed as a finding or judgment by us that appellee has or has not a remedy in equity for a reformation or setting aside of said release, for fraud in the procuring of the same.