## Arthur Gourley v. West Chicago St. R. R. Co.

1. RELEASE—*Of the Right of Action for Personal Injuries.*—A release, under seal, of a cause of action for personal injuries, standing alone and unexplained, constitutes a complete bar to such a suit.

2.  SAME—*What is Not Sufficient to Invalidate Such a Release.*—The

Gourley v. West Chicago St. R. R. Co.

fact that a party executing a release under seal, of a cause of action for personal injuries, did not receive the one dollar named in the release as the consideration, or that certain typewritten portions were not upon it when he signed it, is not sufficient to invalidate the instrument as an effective release, where there is no pretense that it was represented to him as anything different from what it was, viz., a release of his claim.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Marcus Kavanaugh, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed July 8, 1901.

**Statement.**—Appellant, an employe of appellee, was injured by a car of the appellee company. The injury occurred on the 25th day of April, 1896. This suit was brought to recover damages for the injury, it being alleged that negligence upon the part of servants of appellee had caused the same. There was evidence introduced upon the trial tending to show that while appellant was in the employ of appellee and traveling upon one of its cars, though not then engaged in his particular service, he was directed by other employes of appellee to assist in shoving a grip car back upon its track so as to permit the grip to catch the cable, and that while so engaged he was negligently run upon by another car of the appellee, upon an adjacent and parallel track.

In the August following the time of the injury, after having been several times invited thereto, appellant called at the office of appellee to negotiate regarding a settlement of his claim against appellee. While at the appellee's office he signed the following written release. This release was made up of a printed form with written or typewritten matter inserted. The part typewritten is put in italics, the remainder being printed.

" Release of Claim.

In the matter of the claim of Arthur Gourley, badge 2639, against West Chicago Street Railroad Company.

Know all men by these presents, That I, *Arthur Gourley, badge 2639*, of the city of Chicago, county of Cook and State of Illinois, have received of the West Chicago Street Railroad Company, the sum of one dollar ($1), in full

payment, compromise and satisfaction, for all injuries and loss or damage by me sustained or suffered, in mind, body and estate, by reason of an accident which occurred to me on or about the *25th* day of *April*, 1896, at or near *Jefferson St. pick-up*, in the city of Chicago, by which *I sustained a severe fracture to my left collar bone, right arm broken about four inches below elbow, bruised on left side of face and was otherwise bruised and injured on and about my head, body and limbs, with a nervous shock to my system which may yet prove of a permanent nature, by reason of a certain car of the above named company striking and knocking me down with results above mentioned, on date and place aforesaid.*

And in consideration of the prompt payment of said sum of money to me, the receipt whereof is hereby acknowledged, and the further consideration of the compromise and settlement without suit of my *claim* against said company, I, said *Arthur Gourley*, for myself, my heirs, executors and administrators, do hereby release the said West Chicago Street Railroad Company of and from any and all right of action, claim, demand or liability in any wise arising out of or which may in any manner hereafter arise out of, or result from said accident, for injuries occasioned, loss of time, loss of services, loss of property, moneys expended or liability incurred, and from any and all claims, demands or liability of whatsoever nature, for or on account of any act or thing done or omitted to be done by said West Chicago Street Railroad Company, its officers, agents, servants or employes or any of them, or any one in its behalf.

In witness whereof, I have hereunto set my hand and affixed my seal, this *20th* day of *August*, A. D. 1896.

*Arthur Gourley.* (SEAL)

Witness:

*J. H. Fresh,*
*Joseph Devlin.*"

Appended to the release is a certificate of acknowledgment showing that Arthur Gourley acknowledged the release before a notary public on the day of its date.

Appellant testified to circumstances attending the execution of this release as follows:

"There had been three or four people to see me, wanting me to come down and see the company. They wanted to settle with me. They wanted to know what I wanted. I told them I would like my bills and expenses paid and to

get something that I could do; that I was not able to do any heavy work. They wanted to know if I thought I could watch; be a watchman. I said yes. He took me up to the desk where this paper was lying. I think it was lying about in that shape (indicating) and there was another man there and he said: 'Here is a paper we want you to sign. We can not put you to work until you sign it, very well.' I looked it over. I saw there was nothing on it that I thought—I didn't see nothing only West Chicago here, probably seen that. I didn't notice it before—this heading. There was nothing of this (indicating) on here."

Q. "You mean the typewritten portion was not on there?"

A. "No, sir; I turned it back and signed it. They gave me my order and badge to go to work."

Appellant testified that he obtained the position as watchman of appellee, but that his bills were not paid and that the one dollar named as consideration in the release was not paid. The appellee presented no other evidence except this release. At the conclusion of the evidence the court peremptorily directed a verdict for appellee. From judgment thereon this appeal is prosecuted.

Spencer Ward, attorney for appellant.

John A. Rose and Louis Boisot, attorneys for appellee; W. W. Gurley, of counsel.

Mr. Justice Sears delivered the opinion of the court.

The one question presented upon this appeal is as to the effect of the writing, purporting to be a release of the claims of appellant, for which this suit was brought, when considered together with the testimony of appellant. If this writing stood alone and unexplained it would constitute a complete release of the claim declared upon and a bar to the suit. We have, then, to inquire if the testimony given by appellant so far affects it as a valid release as to make its validity and force a question of fact which should have been submitted to the jury. There is no conflict in the evidence as to what occurred at the signing of the writing by appellant. Appellee introduced no evidence in re-

lation thereto. The testimony of appellant stands uncontradicted. The inquiry is therefore reduced to the effect of his testimony, *i. e.*, as to whether, upon his own statement of the facts, the writing is a valid and effective release. It is clear from his testimony that appellant knew that he was negotiating for a settlement of the claim which is the basis of this suit. He went to appellee's office for that purpose. It is also clear that he was aware that the paper which he signed was executed in the carrying out of such negotiation. There is no pretense that the writing was represented to him as anything different from what it was, viz., a release of his claim. But he testified that he had demanded as the conditions of a settlement, not only employment as a watchman, but as well the payment of his expenses in connection with the injury, and that while he received the employment as a watchman, his expenses were not paid. And he also testified that he did not receive the one dollar, named in the release as the consideration thereof. Appellant also testified, in effect, that the typewritten portions of the release were not upon it when he signed it. Do these several facts invalidate the writing as an effective release? We think not. The actual consideration demanded by appellant for the executing of it was in part received, viz., the employment as a watchman. There is no evidence that the other part of his demand was ever in any way acceded to, viz., the payment of his expenses. No agreement to pay the expenses was included in the release. Nor was it represented to appellant that the document which he was asked to sign in order to secure employment, contained any such agreement. The fact that the one dollar was not paid is, we think, not controlling. The release is under seal. The receipt of the consideration is therein acknowledged. The one dollar was at most a nominal consideration. It had not been demanded by appellant as a condition to the signing. A part only of what he did demand was promised to him upon condition that he sign the release, and that part he has received. That the typewritten portion of the release was not part

of it when he executed it, is not enough to make it of no effect. The printed part alone, if executed ·by appellant, would be an effective release. That he did not read this part when it was submitted to him, can not now be urged as a ground for holding it inoperative. He might have read it, and it was not represented to him as being or containing anything different from what it really was. Thoroughgood's case, 2 Coke, 9; Wheeler & Wilson Co. v. Long, 8 Ill. App. 463.

If there appeared here to have been a filling in of blanks subsequent to the signature by appellant by which the writing was made to contain something different from that which appellant understood it to contain, or would, upon reading it, see that it contained in effect, without the filling up of the blanks, then a very different question would be presented. But here the writing as presented in evidence was in no way different in its effect from what it·was when signed by appellant. It was then, as it is now, a release of all claim against appellee. There was no misunderstanding as to the effect of the writing.

Authorities are abundant for the proposition contended for by counsel for appellant, that a release fraudulently obtained does not bar the right of action. But under the evidence here, we can not say that reasonable minds could differ upon the proposition that this release was not procured through fraud. It may be that appellant was unwise to thus barter away his right of action, and it may be, too, that stress of necessity in that he was obliged to find some means of livelihood, forced him to a bad bargain. But if he was an adult in years and perfectly able to read, and if the execution of the release was induced by his desire to obtain employment, and not through fraud, it must be treated as effective.

The release being effective and a bar to the action, the learned trial court committed no error in directing a verdict. The judgment is affirmed.