CHICAGO SASH, DOOR AND BLIND MANUFACTURING CO.

*v.*

JANE S. HAVEN.

*Opinion filed February 21, 1902—Rehearing denied April 4, 1902.*

1. BONDS—*at common law want of consideration could not be pleaded in suit on bond.* At common law want of consideration could not be pleaded in bar of an action on a bond, the rule being, that the seal imported a consideration for the execution of the instrument, and the presumption in favor of consideration was held conclusive.

2. SAME—*statute does not authorize defense of want of consideration except as to negotiable bonds.* Section 9 of the act on negotiable instruments, providing that want of consideration may be set up in defense to a suit on a "note, bond, bill or other instrument in writing for the payment of money or property or for the performance of covenants and conditions," applies to negotiable bonds conditioned for the payment of money to the obligee absolutely, but not to a non-negotiable bond in which the obligation to pay is conditioned upon the performance of something by the obligee.

3. PRACTICE—*right of Supreme Court to reverse although Appellate Court recites facts.* If the Appellate Court reverses a judgment for the plaintiff in a suit at law without remanding and makes a recital of facts in its judgment, the facts so found must be accepted by the Supreme Court as true; but the Appellate Court's judgment may be reversed, if, upon a correct application of the rules of law, the facts so found do not preclude the plaintiff's right of recovery.

*Haven* v. *Chicago Sash, etc. Manf. Co.* 96 Ill. App. 92, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

WILLIAM S. CORBIN, (J. G. SHELDON, of counsel,) for appellant:

The Appellate Court's construction of a written instrument, as to its legal effect, is not binding upon the Supreme Court as a finding of fact, as such question is one of law. *Starr* v. *Millikin,* 180 Ill. 458; *St. Louis Stock Yards* v. *Ferry Co.* 102 id. 514.

A promise by one party to perform an existing executory contract if, and not until, security is given for its performance by the other party, is, if executed, a sufficient consideration for the surety's contract. *Bishop* v. *Busse,* 69 Ill. 403; *Cooke* v. *Murphy,* 70 id. 96; 1 Greenleaf on Evidence, (14th ed.) 303; *Lattimore* v. *Harsen,* 14 Johns. 330; *Hirsch* v. *Carpet Co.* 82 Ill. App. 234; *Munroe* v. *Perkins,* 9 Pick. 298; *Stewart* v. *Keteltas,* 36 N. Y. 388; *Goebel* v. *Linn,* 47 Mich. 489; *Rogers* v. *Rogers,* 139 Mass. 440; *Lawrence* v. *Davey,* 28 Vt. 264; *Holmes* v. *Doane,* 9 Cush. 135.

Want of consideration is not a good defense to an action on the bond in suit. A penal bond is not covered by section 9 of chapter 98 of the Revised Statutes, neither is a mortgage. *Hall* v. *Byrne,* 1 Scam. 140; *White* v. *Watkins,* 23 Ill. 428; *Woodbury* v. *Manlove,* 14 id. 213; *Carpenter* v. *Mooers,* 26 id. 162; *VonCampe* v. *Chicago,* 140 id. 361.

Said section does not apply to a penal bond voluntarily executed, containing mutual covenants, or in which the obligation to pay or perform on the part of the obligor is dependent on prior performance of something by the obligee, as such performance by the obligee is a sufficient and the only contemplated consideration for the undertaking of the obligor. *Aller* v. *Aller,* 40 N. J. L. 446; *Meek* v. *Frantz,* 171 Pa. St. 632; 6 Am. & Eng. Ency. of Law, (new ed.) 795; *Taylor* v. *Beck,* 13 Ill. 376.

WILLIAM GARNETT, Jr., for appellee:

In an action at law the "ultimate facts" found by the Appellate Court are binding on the Supreme Court. *Purcell Co.* v. *Sage,* 189 Ill. 79; *National Linseed Oil Co.* v. *Heath*

*& Milligan Co.* 191 id. 75; *Crocker* v. *Railroad Co.* 183 id. 223; *Scovill* v. *Miller,* 140 id. 504.

Mixed questions of law and fact are settled in the Appellate Court. *Meyer* v. *Butterbrodt,* 146 Ill. 131; *Cheney* v. *Cross,* 181 id. 31.

Want of consideration may be pleaded in a suit on a sealed instrument. Rev. Stat. 1874, chap. 98, sec. 9; *Gage* v. *Lewis,* 68 Ill. 604; *Nye* v. *Raymond,* 16 id. 153; *White* v. *Watkins,* 23 id. 482.

In an action of covenant it is not admissible to prove the consideration by parol evidence. *Phillips, etc. Co.* v. *Seymour,* 91 U. S. 646.

In an action on a bond the declaration must set forth the full consideration, and cannot be set up by way of replication. *Hite* v. *Wells,* 17 Ill. 88.

Where the promisee has already made a written contract, it is not a valid consideration for a promise to pay additional consideration or give security, to secure performance of the written contract. 6 Am. & Eng. Ency. of Law, (2d ed.) p. 752.

Mr. Justice Cartwright delivered the opinion of the court:

This is an action of debt, brought by appellant against appellee, in the superior court of Cook county, on a bond executed by Frederick B. Stowell and Louis D. Beman, partners under the firm name of F. B. Stowell & Co., and by the defendant, in the sum of $4950, payable to the plaintiff, the condition whereof is as follows: "The condition of this obligation is such, that if, whereas, the said Chicago Sash, Door and Blind Manufacturing Company, as sub-contractors, by a contract with said F. B. Stowell & Co., contractors, dated December 4, 1896, agreed to furnish all materials required to complete mill work for United States government building at Meridian, Miss., consisting of all wood work except rough lumber, flooring and P. O. boxes, according to specifications of build-

ing and satisfactory to supervising architect of building; material to be delivered at Meridian, Miss., and F. B. Stowell & Co. allowed $15 for taking materials from cars to building; said manufacturing company to furnish said materials as fast as building ready to receive it, but to have notice a reasonable time ahead, and to ship materials from Chicago in time to arrive at Meridian, Miss., as required at building, and not to be responsible for failure of transportation company to deliver in time if shipment made in time; all for the sum of four thousand nine hundred and fifty (4950) dollars at Chicago, Illinois, as follows: eighty-five per cent of said sum in installments as work on said building progresses, and remaining fifteen per cent of said amount to be paid at completion and acceptance of building: Now, if said F. B. Stowell & Co. shall well and truly perform its said contract with and make said payments to said Chicago Sash, Door and Blind Manufacturing Company as provided hereinbefore, then this obligation to be void, otherwise to remain in full force and virtue." The declaration set out the bond, with assignments of breaches of the condition, to the effect that the plaintiff furnished to F. B. Stowell & Co. all materials required to complete mill work for United States government building at Meridian, Miss., as provided in said condition, and that the building had been completed and accepted, but that said F. B. Stowell & Co. had not paid the plaintiff the said installments or the amount to be paid at completion and acceptance of the building. Issues were made up and submitted to a jury upon pleas of the defendant, among which was a plea of want of consideration for the execution of the bond by her. The court admitted evidence on the part of the defendant under that plea and in rebuttal on the part of the plaintiff.

The contract between plaintiff and F. B. Stowell & Co. was dated December 4, 1896, and the bond was executed December 14, 1896. Defendant, in attempting to

establish her plea, proved that plaintiff refused to go on and furnish the material without the bond, and that its manager said he would rather throw up the work and lose what had already been gotten out than go on with the work without the bond. The evidence on the part of the plaintiff tended to show that it refused to enter into the contract except upon condition that the bond should be given, and that the giving of the bond was a part of the original agreement. The defendant was not in the city of Chicago when the contract was made, but when she arrived the bond was executed. There was no controversy about the fact that the plaintiff, after signing the contract, refused to go on with the work without the bond, and that, when it was given, plaintiff proceeded to carry out its contract and furnished the material.

The issues were found by the jury for the plaintiff, and the amount of the debt was found to be $4950, and plaintiff's damages were assessed at $4468. Judgment was entered for the debt, to be discharged on payment of the damages, with interest and costs. The defendant appealed to the Appellate Court for the First District, and that court reversed the judgment without remanding the cause, and entered in its judgment the following finding of fact: "The court finds that there was no consideration for the execution by the defendant, Jane S. Haven, of the bond in suit." The Appellate Court made no finding of fact as to any other issue in the case, and therefore found the other controverted facts in issue as they were found by the trial court.

The finding of fact by the Appellate Court that there was no consideration for the execution by the defendant, Jane S. Haven, of the bond in suit, is final and conclusive in this court. We can only examine the case upon questions of law, and the question arising upon the finding here is, whether it authorized and justified the judgment rendered by the Appellate Court which reversed the judgment obtained by the plaintiff in the superior court. The

question is whether, conceding the fact to be as found by the Appellate Court, the judgment in that court was such as the law required. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399.) If the plea that there was no consideration for the execution of the bond by the defendant was a good plea and the fact found by the Appellate Court was a good defense to the action, the judgment reversing the judgment of the superior court was right, and, as there could never be any recovery, it was proper to not remand the cause. If, on the other hand, the plea constituted no defense and the fact was not a bar to the action, the judgment of the Appellate Court was wrong.

A want of consideration could not, by the common law, be pleaded in bar of an action on the bond. The rule was, that a seal imported a consideration for the execution of the bond, and the presumption in favor of the consideration was held conclusive. (3 Ency. of Pl. & Pr. 665.) The well established rule was that a bond was valid without reference to consideration, because the seal implied or imported a consideration, and a declaration on a sealed bond need not aver any other. (*Evans* v. *Edwards*, 26 Ill. 279.) The action of debt is very broad in its scope, and it can be maintained on simple contracts, notes and a great variety of legal liabilities, where the amount to be recovered is certain or can be readily rendered certain by computation. If the action is upon any form of simple contract the defendant is permitted to put in issue the existence of the debt and put the plaintiff on proof of all the allegations of his declaration by the plea of *nil debet*, but if the action is on a bond, a plea in denial of the debt is of a nature which is not permissible. (*Caldwell* v. *Richmond*, 64 Ill. 30; *Mix* v. *People*, 92 id. 549.) In this case the bond is the foundation of the action, and not mere inducement to the action. (*King* v. *Ramsay*, 13 Ill. 619.) If the averment in the declaration that the defendant signed and sealed the bond is true, a plea disputing the debt is

no defense. (*Davis* v. *Burton*, 3 Scam. 41.) The plea did not deny that the materials were furnished by the plaintiff and not paid for, or that the damages had accrued to the plaintiff, and unless the established rule of law has been modified by some statute, the plea of a want of consideration for the execution of the bond and assuming the obligation is no defense to the action. 4 Am. & Eng. Ency. of Law, (2d ed.) 664.

It does not seem to be denied that the plea of want of consideration was not admissible at common law, but it is contended that it constitutes a good defense under the provisions of chapter 98 of the Revised Statutes, entitled "Negotiable Instruments." (Rev. Stat. 1874, chap. 98, p. 718.) That chapter deals with negotiable instruments and fixes the rights and liabilities of parties to negotiable paper. Section 3 declares the legal effect of all promissory notes, bonds, bills and other instruments in writing made or to be made by any person, body politic or corporate, whereby such person promises or agrees to pay any sum of money or articles of personal property, or any sum of money in personal property, or acknowledges any sum of money or articles of personal property to be due to any person. By section 4 any such note, bond, bill or other instrument in writing is made assignable by endorsement, in the same manner as bills of exchange, so as to vest the legal title in the assignee. By section 5 any assignee is authorized to institute and maintain the same kind of action on any such bond, bill or other instrument in writing as might have been maintained by the obligee or payee. Section 9, upon which the argument is based, provides that in any action upon a note, bond, bill or other instrument in writing for the payment of money or property or the performance of covenants and conditions, if such instrument was made or entered into without a good and valuable consideration, it shall be lawful for the defendant to plead such want of consideration, and if it shall appear that such instrument

was made or entered into without a good and valuable consideration the verdict shall be for the defendant, provided that nothing in that section contained shall be construed to affect or impair the right of any *bona fide* assignee of any instrument made assignable by the act, when such assignment was made before such instrument became due.    We do not find anything in that chapter from which it can be inferred that the legislature intended to abolish all distinctions between specialties and simple contracts.   It was the opinion of the court in *Turner* v. *Peoria and Springfield Railroad Co.* 95 Ill. 134, that the general words used in that statute included only negotiable instruments in writing.   It was said that the statute makes all promissory notes, bonds, bills and other instruments in writing, whether for the payment of money or articles of personal property, assignable by endorsement under the hand of the payee, in the same manner as bills of exchange are, but that it is essential to the negotiability of such instruments that they be payable unconditionally and absolutely, not depending on any contingency, and that, otherwise, such instruments are not assignable, either at common law or under the statute.

A bond may have all the qualities of commercial paper, or there may be nothing payable by virtue of it except upon some contingency or in case of the performance of some act or condition by the obligee, so that perhaps nothing will ever be payable under its provisions. Every obligation for the payment of money, whether absolute or upon condition, is a bond.   Bonds of corporations or individuals may bind the obligor to pay a certain sum of money at a stated time to the obligee, and the statute undoubtedly embraces single bonds and like instruments.   Generally, there is a condition added to the bond that if the obligor does some particular act the obligation shall be void, but otherwise shall remain in full force,—and that was the case in this instance.   Where the sum specified in the obligation does not represent the

195—31

amount of damages caused by the breach of the contract, but is agreed upon by the parties to secure the performance of a condition, it is a penalty, and in a suit upon the bond the recovery is only for the damages actually sustained.  The court renders judgment for the amount of the penalty as a debt, to be discharged upon the payment of the damages. (*Freeman* v. *People*, 54 Ill. 153.)  In an action of debt upon such a bond the plaintiff has no right to receive any part of the debt, but only the damages and costs, the payment of which operates to satisfy the debt.  The obligation in this case was conditioned upon the furnishing of material by the plaintiff to F. B. Stowell & Co. for the building at Meridian, Miss.  There might never be any damages or anything to pay.  No recovery could ever be had without averring and proving that material was furnished as provided in the condition, and the liability to pay depended upon a contingency which might never happen.  The defendant entered into an obligation under seal importing a consideration, that if plaintiff should deliver the materials to F. B. Stowell & Co. and they did not pay for them she would.  When sued she did not deny the performance by the plaintiff of its undertaking, but sought only to dispute the existence of any consideration for making and delivering the bond.  The bond was not negotiable.  We do not think the statute, in its terms or spirit, covers a non-negotiable bond like this, in which the obligation to pay is conditioned on the performance of something by the obligee.

In *Taylor* v. *Beck*, 13 Ill. 376, the court considered the 97th chapter of the Revised Statutes then in force, providing for notice to the creditor by a surety on a bond, bill or note for the payment of money or other property, and held that the statute could not be applied to any agreement to pay for goods delivered.  The application of that statute was there limited to bonds, notes and bills for the direct payment of money or property which were transferable by endorsement, so as to vest the legal title

in the assignee. All the cases referred to by counsel where a plea or proof of a want of consideration has been allowed in this State have been where there was a direct and absolute obligation not conditioned on the performance of something by the obligee. The bond sued upon in *Gage* v. *Lewis*, 68 Ill. 604, was an absolute, unconditional obligation upon a consideration acknowledged to pay the debts of a firm, payment of those already due to be made immediately and the others as they should come due. The statute invoked has been in existence in substantially the same form from the early history of the State and has never been applied to a bond of this character. That all distinctions between penal bonds such as this and other instruments under seal were not intended to be abolished is shown by section 18 of the Practice act, excepting such bonds from the provision that instruments under seal may be sued, declared upon or set off in any form of action in which they might have been sued, declared upon or set off if not under seal.

We conclude the plea, which merely set up a want of consideration for entering into the obligation, and the fact found by the Appellate Court on that issue in favor of the defendant, was no defense to the action and did not justify the reversal of the judgment.

The defendant, as appellant in the Appellate Court, complained of some rulings of the trial court. It is not very clear whether they are insisted upon here or not, but we have given them full consideration and agree with the manner in which they were disposed of by the Appellate Court, and with the conclusion that no error was committed against the defendant in the trial of the case.

The judgment of the Appellate Court is reversed and the judgment of the superior court is affirmed.

*Judgment reversed.*