## Samuel Davis, et al., v. Rachel E. Weatherly.

1. RELEASE—*how effect of, avoided.* The effect of a written release can only be overcome in an action at law by proof that the plaintiff's signature was obtained by fraud, or that it was without consideration, and it is error to instruct the jury as to such a release, that the burden is upon the defendants to show that the plaintiff signed the release with knowledge that she was releasing her right of action against the defendants.

2. RELEASE—*instruction should not ignore.* Where there is evidence in the cause of a good and valid release given by the plaintiff, it is error to authorize by instruction a verdict, without regard to such release.

Action under Dram-Shop Act. Appeal from the Circuit Court of Williamson County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

SPILLER & WHITE, W. O. POTTER and RUFUS NEELY, for appellants.

GEORGE W. YOUNG and THOMAS H. SHERIDAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

This was an action brought by appellee against appellants to recover damages under section 9 of the Dram-Shop Act. The declaration contains two counts, in which it is alleged that the defendants, saloon-keepers, sold and gave intoxicating liquors to plaintiff's husband, causing him to become a habitual drunkard and that while intoxicated he wasted and squandered his property, neglected his business, and that by reason of his habitual intoxication was wholly incapacitated and incapable of providing plaintiff with necessary support and comforts, whereby plaintiff was damaged in her means of support. The defendants filed the plea of not guilty and upon the issue thus formed the case was tried by jury resulting in a verdict and judgment for the plaintiff and against the defendants for $1,000 from which the defendants appealed.

It is contended and argued by counsel for appellants that there was not sufficient evidence to support the verdict against appellant, Oberto; and that the court erred in the giving and refusal of instructions. As the judgment is to be reversed and the cause remanded for a new trial because of error in the giving and refusal of instructions, and as no complaint is made in argument of the court's rulings in the admission and exclusion of testimony, we refrain from a discussion of the evidence beyond what is necessary in passing upon the instructions.

There is evidence tending to prove that prior to the commencement of this action appellee brought suit before a justice of the peace against Charles Cazaleen, one of the appellants, to recover damages for the same wrongful acts alleged in this case. It appears that the suit before the justice was settled and appellee executed a written release to Cazaleen, by the terms of which he was released and discharged "from liability to damages of every kind and character * * * for the wrongful selling or giving

away intoxicating liquors," to adults or minors of appellee's family. There was also evidence of consideration paid. Having proved appellee's signature, the payment of a consideration, the delivery of the writing and the identity of the cause of action, the release was a complete bar, and to avoid its effect the burden was upon the plaintiff to prove, if she could, that her signature was obtained by fraud or circumvention, or that the release was wholly without consideration. The twelfth instruction given at the instance of appellee, was fatally erroneous and prejudicial. It is as follows:

"In this case if the defendant saloon-keepers to avoid liability in this case to the plaintiff because of the paper offered in evidence by them which they term a release, upon this question of release the defendant saloon-keepers take the burden of proof; that is, they must show by a preponderance of the evidence that the said paper was signed by the plaintiff, Mrs. Weatherly, with the knowledge that she was at the time releasing her right of action against defendants for wrongful sales or gifts of intoxicating liquors to her husband, Thomas Weatherly, and unless it is shown by a preponderance of the evidence that she did execute said release with that understanding or knowledge then such paper would in no way be binding upon her in this suit, unless you further believe from the evidence that she actually signed the release in evidence as a release of her present cause of action or authorized her signature to be signed thereto as such release after the release had been read to her and she signed the same without further question and as a release of her cause of action by reason of her husband's intoxication caused in whole or in part by Cazaleen, then she is bound by the same, no matter what was said to her to induce her to sign it. The important question is, did she then know it was intended as a release and if she did, she is bound thereby."

Here the jury are told, among other things not clearly stated, that the burden is upon the defendants to show that appellee signed the release *with the knowledge that she was*

*releasing her right of action against the defendants.* The vice of this instruction is apparent. Having signed, executed and delivered the release, appellee is presumed to have done so with knowledge of its contents and import, and may not even be heard to say that she did not understand it. It is a contract in writing and in an action at law parol testimony is not permissible to vary its terms or meaning. The writing must speak for itself and its legal effect as a release and a complete bar, can be avoided in an action at law in only one way, and that is to prove that appellee's signature to it was obtained by fraud or that it was without consideration. As already stated the burden of such proof is upon appellee. The instruction is subject to serious criticism in other respects. It is awkwardly worded, argumentative, ambiguous and aside from an erroneous statement of the law, was calculated to mislead the jury. In each of the appellee's given instructions, 1, 3, 5 and 6, the question of the release is ignored altogether and the jury authorized to find a verdict for the plaintiff without regard to or consideration of this defense. The effect of giving these instructions was to deny the defendants the right to have the release considered by the jury. Appellants' refused instruction number 5 should have been given and it was error to refuse it, but we do not regard the court's refusal to give numbers 2, 3, 9 and 10 as affording substantial ground of complaint. For the errors indicated the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*