## John Killean, Appellee, v. Henry Beaupre and William Beaupre, Appellants.

### Gen. No. 18,863.

1. RELEASE, § 25*—*when parol evidence inadmissible to prove want of consideration for release under seal.* In an action for personal injuries where the defense set up a release executed by the plaintiff under seal discharging the defendants of any liability for such injuries in consideration of the sum of one dollar, the admission of evidence offered by plaintiff to prove that no consideration was paid, *held* error.

2. RELEASE, § 25*—*when evidence admissible to show maker was tricked into signing release under seal.* Where a party is mentally incompetent to know what he is doing, or is deceived or tricked into signing a sealed release discharging another from liability for personal injuries, such facts may be shown in an action for damages, and the release is not a bar thereto.

3. EVIDENCE, § 341*—*admissibility of parol evidence of want of consideration for sealed instrument.* Parol evidence is admissible to contradict the payment of the consideration for a sealed instrument, but not to nullify the instrument. And the same rule applies where the sealed instrument is offered as a defense to an action.

Appeal from the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with finding of facts. Opinion filed June 24, 1914.

HENRY J. FRERKS, for appellants.

JOHN C. KING and JAMES D. POWER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Henry Beaupre and William Beaupre appealed from a judgment of $1,000 entered against them in favor of John Killean in his suit for personal injuries alleged to have been received August 12, 1910, by reason of their negligence in sending him to work on a gable roof with an insufficient roofing ladder.

Appellants pleaded the general issue to appellee's declaration and relied, as one of their defenses to said suit, on a release under seal signed by appellee and delivered to them, releasing and discharging them from all manner of actions and from all claims of damages by him by reason of said injuries received or by reason of any claim whatsoever that he might have against them in consideration of the sum of one dollar, the receipt of which is acknowledged in the release.

The undisputed facts in that regard are that appellee of his own free will signed the release knowingly and understandingly with the intent to release and discharge his said claims for damages, and that afterwards he instituted this suit to recover his said damages.

Appellee's evidence tended to prove that the consideration of one dollar named in the release was not paid to him by appellants, and that there was no other consideration paid or given him by them therefor, and want of consideration is his sole reliance for abrogating the effect of the release.

The law in this State is that parol evidence is admissible to contradict the acknowledgment in a deed of the payment of the consideration, provided it is not sought to set aside or impair the legal effect of the deed as a conveyance. In other words, in a suit for the consideration named such evidence is admissible, but if the suit is for the purpose of setting aside the deed for want of a consideration, it is inadmissible. *Illinois Cent. Ins. Co. v. Wolf*, 37 Ill. 355.

So, in the absence of a statutory provision permitting such a defense, want of consideration cannot be shown in an action at law for the purpose of barring a suit on a sealed instrument. *Windett v. Hurlbut,* 115 Ill. 403; *Chicago S., D. & B. Mfg. Co. v. Haven,* 195 Ill. 474.

The same rule applies when a sealed instrument is offered as a defense, and a release under seal is a deed or sealed instrument, and it cannot be impeached or set aside in a court of law for want of consideration, or for any similar defense having the effect to entirely nullify the release as a release and discharge of an obligation, when it has been understandingly executed. *Jackson v. Security Mut. Life Ins. Co.,* 233 Ill. 161; *G. H. Hammond Co. v. Papke,* 91 Ill. App. 563, affirmed in 192 Ill. 631; *Gourley v. West Chicago St. R. Co.,* 96 Ill. App. 68; *Hartley v. Chicago & A. R. Co.,* 214 Ill. 78.

If a party is mentally incompetent to know what he is doing, or is deceived or tricked into signing a sealed release when he thought he was signing something else, such facts may be shown in his action at law for damages, and the release under seal is not a bar thereto. *Turner v. Consumer's Coal Co.,* 254 Ill. 187.

Appellee does not properly distinguish the cases he cites. If the release is not under seal, want of consideration in law is a complete answer to the release. See *Jackson v. Security Mut. Life Ins. Co., supra,* in which *Farmers & M. Life Ass'n v. Caine,* 224 Ill. 599. is explained.

In the case of *Davis v. Weatherly,* 119 Ill. App. 238, it does not appear that the release was under seal. *Bonney v. Bonney,* 237 Ill. 452, and *Mills v. Larrance,* 186 Ill. 635, are suits in equity, and fraud in the consideration and want of consideration are grounds in equity for setting aside a release whether sealed or unsealed.

As the judgment will have to be reversed for the reason aforesaid, it will not be necessary to determine whether or not the verdict of the jury is against the

manifest weight of the evidence on the question of a valuable consideration for the release or upon the other issues in the case.

The judgment is, therefore, reversed.

*Reversed with a finding of facts.*

Finding of facts to be incorporated in the judgment: We find that after the causes of action set forth in the declaration had accrued to appellee, and before this suit was begun, appellee, by a valid writing signed and sealed, released and forever discharged appellants from all claim or demands whatsoever arising from the injuries in said declaration mentioned.