HENRY L. ESCHERICK

*v.*

MICHAEL TRAVER.

1. EJECTMENT—*evidence of fraudulent representations to defeat recovery.* Fraudulent representations made to induce the execution of a deed, can not be admitted to defeat a recovery in ejectment, where the representations relate merely to the nature or value of the land.

2. SAME—*what sort of fraud may be shown to avoid deed at law.* Fraud and circumvention used in the procurement of a deed, or the fact that it was executed upon the belief that it was another paper, or that it was misread and its contents falsely stated, may be proved in an action of ejectment, but the consideration is not an element of inquiry.

3. SAME—*legal title must prevail over mere equities.* As a general rule, in an action of ejectment, a court of law will not go behind the naked legal title.

4. FRAUD—*in what case available as a defense at law.* In a suit upon a simple contract, fraud is a good defense at law, but it is not generally pleadable in bar when the action is founded on a specialty.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of ejectment, by the appellee against the appellant. The plaintiff below introduced in evidence a deed from the defendant for the premises in controversy, to himself, and proved that the defendant was in possession of the same. To avoid this deed and defeat a recovery, the defendant was called as a witness, and it was proposed to prove by him that he was induced to make and deliver the deed by means of representations made by the plaintiff that the Iowa lands, which formed the main consideration for defendant's deed, were good rolling prairie lands, well adapted to farming purposes, and worth $20 per acre ; that said lands were situated within eight miles of Mason City; that there was a railroad in process of construction, located very near to the same ; and that such representations were untrue, false and fraudulent, and made by the plaintiff with a design to cheat and defraud the defendant; and that immediately upon the discovery of the fact that such representations were untrue, false and fraudulent, the defendant sought to rescind the trade, and offered to re-convey to the plaintiff said Iowa lands, and restore the money paid.

To all of which the plaintiff objected, which objection the court sustained, and decided that such evidence was incompetent and inadmissible. The defendant excepted to the ruling. There was a verdict and judgment for the plaintiff, from which the defendant appealed.

Messrs. BARBER & LOCKNER, for the appellant.

Messrs. HIGGINS, SWETT & QUIGG, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Can fraudulent representations, made to induce the execution of a deed, be admitted to defeat a recovery in ejectment, where the representations relate merely to the nature or value of the land?

Two distinct systems of jurisprudence prevail in this State, —one of equity and one of law. They have not been blended, as in some of the States; and the courts can not abolish the distinction, however technical it may be. This power belongs to the legislative department.

While, in a suit on a simple contract, fraud is a good defense, it is not generally pleadable in bar when the action is founded on a specialty.

Fraud and circumvention used in the procurement of the deed, or the fact that it was executed upon the belief that it was another paper, or that it was misread and its contents falsely stated, may be proved in an action of ejectment; but the consideration is not an element of inquiry.

Upon the trial of an action of ejectment, the only plea is, not guilty, that the party does not unlawfully withhold the premises; and no notice is given that fraudulent representations will be urged as a defense. The sudden springing of such defense upon the trial would operate as a surprise, and tend to mar the system of common law pleading, which intends that a party must have some notice of the questions which must be met.

As a general rule, in an action of ejectment a court of law will not go behind the naked legal title. For this course there is good reason. If the evidence offered had been admitted and the fraud found, the court could have done nothing but declare the deed a nullity. It could not have placed the parties in their original position and compelled a restoration of the money paid, and a reconveyance of the lands granted in exchange. Equity could not have been administered as it would have been in a court of chancery, to which jurisdiction of such questions rightfully pertains.

The case of *Reece* v. *Allen*, 5 Gilman, 236, is an express authority in favor of the view we have taken. It was held that, even if the grantee of the trustee took the title in fraud of the rights of the parties, a court of law would not inquire into the facts, and that a court of chancery was the proper forum for the settlement of such questions.

In *Wales* v. *Bogue*, 31 Ill. 468, the court say: " In this trial (an action of ejectment) legal rights alone can be considered."

In *Jackson ex dem. Church* v. *Hills*, 8 Cowen, 290, the plaintiff claimed to recover upon a demise from the defendant to the lessor of the plaintiff. The defendant offered to show the demise fraudulent. It was held that it could not be impeached at law on the ground of fraud or misrepresentation as to the consideration or the motives of its execution.

In *Osterhout* v. *Shoemaker*, 3 Hill, 513, ejectment was brought. The evidence tended to make out fraud in relation to the consideration, and the court held that the deed could not be impeached for fraud in the consideration.

To the same effect is the case of *Taylor* v. *King*, 6 Munford, 366, and many other cases might be cited.

We have been referred to *Rogers* v. *Brent*, 5 Gilman, 573, as authority in favor of the admissibility of the evidence. The question in the case was, which was the better title,— the patent title, or the title acquired under the sheriff's sale and deed? The court below excluded the evidence of the defendant, and this was held to be error. When the court decided that all the interest of Samuel Bowman had become vested in the purchaser at the sheriff's sale, before the assignment to Jesse Bowman, there was an end of the case, and the elaborate discussion of the question of fraud was unnecessary.

The true and safer rule is, to maintain the separate jurisdiction of law and equity, and let each act in its respective sphere.

We think the evidence was properly excluded, and the judgment is affirmed.

*Judgment affirmed.*