The Chicago, Wilmington & Vermillion Coal Company

v.

Frank O. Peterson.

*Personal Injuries—Release—Whether Obtained by Fraud—Weight of Evidence—Pleading.*

1. In an action on the case it is not necessary for the defendant to specially plead a release in order that it may be admissible in evidence.

2. Upon the question of fact whether a release offered in evidence was fairly obtained or not, this court holds that the overwhelming weight of evidence was that it was fairly obtained and that it was a bar to plaintiff's cause of action.

[Opinion filed December 12, 1892.]

Appeal from the Circuit Court of Bureau County; the Hon. Geo. W. Stipp, Judge, presiding.

Messrs. George S. House and Eckels & Kyle, for appellant.

Messrs. John L. Murphy and R. R. Gibbons, for appellee.

Mr. Justice Cartwright. This case was in this court on a former appeal and is reported in 39 Ill. App. 114. Among the questions raised on that appeal was a question as to the sufficiency of a release of the cause of action executed by appellee to constitute a bar to a recovery by him. It was then held that if the release was fairly obtained it would preclude such recovery, and that the great weight of the evidence then before the court upon that point was that it was so obtained. The judgment was reversed and the cause remanded, affording to appellee full opportunity to

meet and overcome the release if possible, by showing that
it was procured through fraud, misrepresentation or deceit
of appellant's agents.  The case has been again tried, result-
ing in a verdict for appellee for $3,000, on which judgment
was entered.  The evidence on the last trial, of the circum-
stances attending the injury to appellee, was the same as
stated in the former opinion, and the same release of the
cause of action was offered in evidence by appellant.
Whether appellee was successful in his attempt to over-
come the release is the only question necessary to be con-
sidered in disposing of the case on this appeal.

.When the release was offered in evidence it was objected
to on the ground that it was not admissible under the plead-
ings.  It is urged that the objection was good for the reason
that the general issue alone was pleaded, and there was no
special plea of the release.  The objection was properly
overruled.  In an action on the case a release need not be
specially pleaded.  2 Greenleaf on Evidence, Sec. 231.
The authority cited by appellee is based on the English
rules adopted by the judges at Hilary term, 4th William IV,
which are not in force in this State.  City of Champaign v.
McMurray, 76 Ill. 353.

The injury to appellee occurred October 22, 1889.  He was
confined at home on account of it for some time, and the
release was not executed until December 28, 1889, after he
had partially recovered and was walking about with a
cane.  There had been full opportunity for reflection and
ascertainment of his rights and of the liability, if any, of
appellant.  He was a Swede, but he came to this country in
1882, and it is evident that he understood the English lan-
guage fairly well, although he could not read English writ-
ing.  He conducted the negotiations which led to the release
in the English language, evidently without difficulty.  He
testified on the trial that in that negotiation he made his
claim to the representative of the company about the want
of props in the mine, which claim was denied, and that the
representatives of the company disputed all claims of liabil-
ity, and charged that the injury was the result of his want
of care.  He was under no disability in law or in fact which

C., W. & V. Coal Co. v. Peterson.

would incapacitate him from treating with the company in the matter or which could exempt him from being bound by his contracts. He commenced the negotiations and first went with Charley Peterson and talked with A. L. Sweet, general superintendent of the company, about his injury, for the purpose of inducing the company to do something for him. The witnesses are agreed that Sweet denied all liability on the part of the company and charged that the injury was the result of appellee's own negligence, but stated that he would talk with Fred T. Beers, a representative of the company, at the mine where the accident occurred, and that Beers would be authorized to act. Shortly afterward appellee went to the office of the company, either of his own motion or on notice from Beers, and took with him Gust. Backlund, a friend of his own nationality. On this occasion the question of the liability of the company was again discussed and Beers denied such liability. Appellee said that he had worked in the mine, and had given to a collection whenever a man was hurt, and at the time he was hurt he could get no collection because the men quit work. Beers finally agreed to give appellee $50, which was about the amount of the last collection, and appellee executed the release in question, which is as follows :

"SEATONVILLE, ILL., Dec. 28, 1889.

Received of the Chicago, Wilmington & Vermillion Coal Company, the sum of fifty ($50) dollars, the same being received by me as satisfaction in full of all demands and charges of every kind and character by me held at this time against said company, expressly releasing any and all claims for damages I may have, if I have any against said company, by reason of an injury by me received on the 22d day of October 1889, in said company's mines at Seatonville.

Witness my hand and seal this 28th day of December, 1889.

F. O. PETERSON.    [SEAL]

Subscribed in my presence.

GUST. BACKLUND,
Witness."

The sum agreed upon was then paid. The clear preponderance of the evidence is that it was agreed in the conversation had at the time, that such payment should be in full settlement and discharge of any claim that appellee might have against the company on account of the injury, and that the paper was correctly read over to appellee and Backlund before it was signed. Both appellee and Backlund testified that it was read to appellee. It is clear that appellee fully understood that if he received $50 from the company, that it was to be all that he should receive. The most that he can say against the release is that he understood that the sum paid was in place of or in the nature of a collection. Both he and Backlund testified that they did not understand the paper, but in what particular was not shown, nor was any false statement of its contents shown. On the trial the release was interpreted into the Swedish language, and appellee said that he had never heard the paper read in that way. The evidence is satisfactory that it was truthfully read, and if appellee did not fully understand its language it was the result of his own negligence, and justice does not require that he should be relieved from the consequences of his own neglect. There was ample time and opportunity for consideration and ascertainment of rights. There was neither fraud, misrepresentation or deceit on the part of appellant as to the contents of the release, and it was fairly and honorably obtained.

It may be that appellee released his claim for very much less than was prudent, but the facts afford no sufficient reason for setting aside the transaction. The judgment will be reversed.

*Judgment reversed.*

Finding of facts to be incorporated in judgment:

We find that after the cause of action in the several counts of the declaration mentioned had accrued to appellee, and before the commencement of this suit on account of such cause of action, said appellee, in consideration of $50 to him paid by appellant on the 28th day of Decem-

ber, 1889, released to appellant, by a valid writing signed and sealed by said appellee, the said cause of action and all claim for damages by reason of the injury received by appellee mentioned in said declaration and the several counts thereof, and that there is no evidence tending to prove that said release was obtained by appellant by fraud or misrepresentation.