## ANNA SENGER

### v.

### THE TOWN OF HARVARD.

*Filed at Ottawa October 26, 1893.*

1. NEGLIGENCE—*injury resulting from defective sidewalk.* If a city or town, or its officers, are guilty of no negligence in regard to a sidewalk, and it is in a reasonably safe condition for travel thereon at the time of an injury to the plaintiff, no recovery can be had against the city or town, even if it be conceded that plaintiff was injured while in the exercise of ordinary care.

2. APPEALS AND WRITS OF ERROR—*when remandment is necessary.* Where the Appellate Court finds the facts differently from the trial court, and incorporates such finding of facts in its final judgment of reversal, and under the facts so found, if no recovery can be had against the defendant, the Appellate Court is under no obligation to remand the case for another trial.

3. If the Appellate Court reverses the judgment of the trial court on the ground of error in giving or refusing instructions, or in its rulings in the admission or exclusion of evidence, or in passing on any other legal question which may be obviated on another trial, then it is the duty of the Appellate Court to remand the cause for another trial.

4. SAME—*finding of facts—what is essential.* Where the Appellate Court finds the facts different from the trial court, the facts recited must include every material issue submitted to the trial court to authorize the Appellate Court to enter judgment different from the one below. But a finding upon an immaterial issue, or facts which can have no bearing on the decision of the case, is not required.

5. The facts required to be found by the Appellate Court are the ultimate facts or fact upon the existence or non-existence of which, as set up in the pleadings, the rights of the parties depend.

6. In an action against a city to recover damages for a personal injury on the ground of negligence in the construction or maintenance of a sidewalk, the plaintiff recovered, and the Appellate Court reversed the judgment, and found, as matter of fact, that the city was not guilty of the negligence charged, but failed to find the extent of the injury : *Held,* that the failure to find as to the latter point was not error, as no such issue was involved.

7. ERROR WILL NOT ALWAYS REVERSE—*immaterial error.* Where the Appellate Court reverses a judgment for the plaintiff on the ground of

the insufficiency of the evidence, and finds and recites in its final judgment the facts differently from the trial court, an error of the Appellate Court in passing on the instructions will be immaterial, and the judgment of the Appellate Court must be affirmed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of McHenry county; the Hon. CHARLES KELLUM, Judge, presiding.

Mr. C. P. BARNES, and Mr. FRANK SPITZER, for the plaintiff in error.

Mr. JOHN B. LYON, and Mr. A. W. YOUNG, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of case, brought by Anna Senger, against the president and board of trustees of the town (now city) of Harvard, in the circuit court of McHenry county. The declaration charges that the defendant in error, on the 26th day of July, A. D. 1886, negligently suffered and permitted a certain sidewalk within its corporate limits, and on the north side of Washington street, and opposite a lot owned by Henry Zschach, to remain out of repair, and covered with planks, boards, timbers, stones, ashes, cinders and other material, so that it was dangerous and unsafe to travel upon, by means whereof, as the plaintiff was then and there, in the night time, walking and passing along said sidewalk or street at the place last aforesaid, to-wit, on said street near the line of said lot owned by Henry Zschach, exercising due care and caution, and without fault or negligence on her part, she then and there necessarily and unavoidably tripped, stumbled and fell upon and against the said planks, boards, timbers, stones, stumps, ashes, cinders and other things, and was thereby thrown and fell to and upon the said ground, sidewalk, planks, boards, timbers, stones, ashes, cinders and other things, with great

20—147 ILL.

force and violence, thereby breaking the left leg of the plaintiff below the knee joint:

To the declaration the defendant pleaded not guilty, and a trial before a jury resulted in a verdict and judgment in favor of the plaintiff for the sum of $1500. The town of Harvard appealed to the Appellate Court, where the judgment of the circuit court was reversed and no remanding order was entered. That court, however, found the facts different from the circuit court, and incorporated in its final judgment a finding of facts, as follows:

"Whereas, the judgment in this case is reversed, for the reason, in part, that this court finds the facts differently from the finding of the same facts by the court below which tried the case, therefore, in accordance with the provisions of the statute in that respect, this court finds the facts to be as follows: We find that the plaintiff was in fact injured, as she alleges in the declaration, upon the sidewalk named and described in the declaration and at the time she therein stated, but we find that appellant, or its officers, agents or servants, were not guilty of any negligence or want of care in the construction or care of its sidewalk, in manner and form as charged in the declaration, where appellee fell and hurt herself. We find the sidewalk upon which plaintiff fell was in a reasonably good and safe condition at the time appellee was injured, and that appellant was not guilty of any negligence or want of care in the construction or of not keeping of said sidewalk in a good and safe condition, in manner and form as charged in the declaration, and therefore are of the opinion that in the record and proceedings aforesaid, and in the rendition of the judgment aforesaid, there is manifest error."

For the purpose of reversing the judgment of the Appellate Court the plaintiff in the action sued out this writ of error.

The first question relied upon to reverse the judgment of the Appellate Court is, that the court erred in refusing to remand the cause for another trial. Section 87 of the Practice

act provides: "If any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be conclusive as to all matters of fact in controversy in such cause." The Appellate Court, under this section of the statute, found the facts different from the trial court, and incorporated such finding of facts in its final judgment, and, under the facts as found, if no recovery could be had against the defendant there was no necessity for remanding the cause, and the court was under no obligation to do so. Had the Appellate Court reversed the judgment on the ground that the trial court had erred in giving or refusing instructions, or erred in its ruling in the admission or exclusion of evidence, or in passing on any other legal question which might be obviated on another trial, then it would be the duty of the court to remand for another trial.

The gist of the action was that the town negligently suffered and permitted a certain sidewalk within its corporate limits to be and remain out of repair, and covered with planks, timbers, stones, cinders and other material, so that it was dangerous and unsafe to pass over or travel upon. If the town or its officers were guilty of no negligence in regard to the sidewalk, and the sidewalk was in a reasonably safe condition for people to pass over, it is apparent, from the facts as found, no recovery could be had. Conceding that plaintiff was injured, and conceding she exercised ordinary care, still she could not recover unless the town or its officers were guilty of negligence or want of care in the construction or maintenance of the sidewalk. Upon this question, which is the vital one in the case, the Appellate Court found as follows: "We find

that appellant, or its officers, agents or servants, were not guilty of any negligence or want of care in the construction or care of its sidewalk, in manner and form as charged in the declaration, where appellee fell and hurt herself. We find the sidewalk upon which plaintiff fell was in a reasonably good and safe condition at the time appellee was injured, and that appellant was not guilty of any negligence or want of care in the construction of or of not keeping of said sidewalk in a good and safe condition, in manner and form as charged in the declaration." Under the statute this finding is conclusive as to the facts. If the sidewalk was in a reasonably good and safe condition, and the town was guilty of no negligence or want of care in the construction of or keeping the sidewalk in a good and safe condition, upon what ground could the plaintiff recover? And if she had no right of recovery under the evidence, no necessity existed for remanding the cause to the circuit court.

It is next claimed that the Appellate Court erred in passing on certain instructions given and refused by the trial court. That, in view of the facts as found, is an immaterial matter. The judgment of reversal is not predicated on the ruling of the circuit court in the instructions, but it is based, as is apparent from the judgment, upon the fact, and that alone, that plaintiff could not recover on the evidence. Under such circumstances, whether the Appellate Court was correct or incorrect in passing on the instructions has no special bearing on the case.

The next ground relied upon to secure a reversal of the judgment is, that the Appellate Court did not find as to all the facts in controversy on the trial in the circuit court. Where the Appellate Court finds the facts different from the trial court, the facts recited must include every material issue submitted to the trial court, to authorize the Appellate Court to render final judgment different from the one below, as held in *Commercial Ins. Co.* v. *Scammon*, 123 Ill. 602. But a finding upon an immaterial issue, or facts which can have

no bearing on a decision of the case, is not required. In *Brown* v. *City of Aurora*, 109 Ill. 165, in considering this question, it was held, "that the finding of facts contemplated * * * is the finding of the ultimate fact or facts upon the existence or non-existence of which, as set up in the pleadings in the cause, the rights of the parties depend."

It is said the Appellate Court failed to find whether or not the plaintiff was in the exercise of ordinary care. We think this is a misapprehension of the finding. The plaintiff alleged, in her declaration, that, exercising due care and caution, and without fault or negligence on her part, she then and there "tripped, stumbled and fell," etc. The finding on this point is: "We find that the plaintiff was in fact injured, as she alleges in the declaration, upon the sidewalk named and described in the declaration, and at the time therein stated." She alleged that she was in the exercise of ordinary care when injured, and the court finds she was injured as alleged. But so long as the town was guilty of no negligence the plaintiff could not recover, whether she exercised ordinary care or not, and hence in this case it was immaterial.

It is also said the finding of facts by the Appellate Court is silent in regard to the extent of the injury,—whether it was permanent or not. If there was any question in regard to the amount of damages that might be a material issue. But no such question was involved. The question was not in regard to the extent of injury or the amount plaintiff should recover, but whether she had any cause of action whatever.

It is also said it was a controverted fact whether the town authorities had, or by the exercise of ordinary care might have had, notice of the condition of the sidewalk. The finding of the Appellate Court that the town was guilty of no negligence, and that the walk was in good condition, obviated any further finding in reference to the condition of the walk.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting: It seems to me, that the opinion restricts the power of the jury to pass upon controverted questions of fact by vesting the Appellate Courts with such power. The reasons for this view are set forth in the dissenting opinion in *Siddall* v. *Jansen*, 143 Ill. 543. I think that the 87th section of the Practice Act was never intended by the Legislature to refer to cases tried before juries, but only to cases tried by agreement before the court without a jury.