THE UNION BREWING COMPANY *et al.*

*v.*

FRANK MEIER.

*Filed at Ottawa November 9, 1896.*

1. LANDLORD AND TENANT—*validity of lease made before assignment of homestead and dower.* Where the fee of property is in the heirs, a lease therefor, made by the surviving husband or wife before assignment of homestead and dower, is invalid and conveys no estate to the lessee.

2. JUDGMENTS AND DECREES —*party properly before the court is bound by its decrees until reversal.* A decree which orders the sale of certain property free from an alleged lease binds the lessee if before the court, and he cannot, with the decree unreversed, set up such lease as a good defense to an action of ejectment by the vendee.

3. EVIDENCE—*consideration of a deed is not a proper subject of inquiry in ejectment.* Evidence offered by the defendant in ejectment, claiming as tenant, to show that the plaintiff was holding title merely as trustee for the former lessor to defraud defendant of his lease, is properly excluded, as the alleged fraud goes merely to the consideration of the deed, and not to its procurement.

APPEAL from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

ISAAC J. LEVINSON, for appellants:

It may be shown in defense to ejectment that the deed under which the plaintiff claims was made to him in order

to defraud the creditors of the defendant. (*Kirkpatrick
v. Clark*, 132 Ill. 342.) How much more so ought it to be
allowed when it is claimed that it was done to defraud
the defendant out of his lease?

A trustee and wrongdoer cannot set up the title of the
*cestui que trust* in ejectment. *Hunt* v. *Crawford*, 3 Pa. 426.

The plaintiff in ejectment cannot recover under a de-
mise from a lessor who has released his interest to the
defendant. He is estopped by such release to claim any
title. *Jackson* v. *Foster*, 12 Johns. 488.

The landlord, although the owner of the fee, cannot
recover against his tenant occupying under a lease when
there has been no forfeiture of the conditions of the lease.
*Sands* v. *Kagey*, 150 Ill. 114.

A landlord cannot maintain ejectment against his ten-
ant unless the tenant forfeits his lease. *Penn* v. *Welnn*, 2
Yates, 309; *Staffit* v. *Troxell*, 8 W. & S. 340.

JOSEPH A. WEIL, also for appellants.

WINSLOW EVANS, for appellee:

The surviving husband or wife cannot, by deed, con-
vey to a third person his or her estate of homestead in
premises the fee of which is in the heir, before the home-
stead has been assigned or set off, so as to vest such third
person, grantee in the deed, with the right to have the
homestead set off and assigned to him, just as it might
have been set off and assigned to the surviving husband
or wife. *Best* v. *Jenks*, 123 Ill. 447.

Proof of possession of land under claim of ownership
is *prima facie* evidence of the fee simple title in the occu-
pant so claiming to be owner. *Harland* v. *Eastman*, 119
Ill. 22; *Barger* v. *Hobbs*, 67 id. 592; *DeWitt* v. *Bradbury*, 94
id. 446.

Ejectment being an action at law, legal title and
rights alone can be considered and adjudged. If the
party has equities he must resort to a court of equity for
their assertion. *Aholz* v. *Zeller*, 88 Ill. 24; 2 Greenleaf on

Evidence, sec. 331; Adams on Ejectment, 32; *Franklin* v. *Palmer*, 50 Ill. 202; *Fleming* v. *Carter*, 70 id. 286; *Finlon* v. *Clark*, 118 id. 32; *McGinnis* v. *Fernandes*, 126 id. 228.

Mr. JUSTICE BAKER delivered the opinion of the court:

On May 29, 1893, one Demeter Trendle died seized in fee of certain premises in the city of Peoria, and left him surviving Lena Trendle, his wife, and several minor children, his only heirs-at-law. On February 14, 1894, his widow, who had a dower and homestead interest therein, leased said premises to the Union Brewing Company for the term of five years, and the company took possession and paid rent according to the terms of the lease. On the day of the execution of the lease Mrs. Trendle agreed with the lessee, by a memorandum in writing, to acquire the legal title to the property she had leased. On June 22, 1895, the administrator of the estate of Demeter Trendle applied to the probate court for permission to sell the said premises to pay the debts of his intestate. The Union Brewing Company filed an answer to the petition, claiming to hold under the lease from Mrs. Trendle. The court, however, ordered the premises sold subject only to the widow's dower and homestead interests, and free from said lease. At the sale appellee bought the premises, and the widow immediately quit-claimed to him her dower and homestead interests therein. Appellee thereupon brought this action of ejectment against the Union Brewing Company and its tenant, the appellants herein, for the possession of the property he had purchased. To the declaration the general issue was pleaded. The cause was tried in the circuit court of Peoria county before the court, without a jury, and judgment was rendered against the appellants, who bring this appeal.

When the lease to the Union Brewing Company was executed, the dower and homestead of Mrs. Trendle had not been assigned or set off to her, and the lease, therefore, conveyed no estate whatever to that company, for

it is a rule of property that a surviving husband or wife cannot sell and convey the right of dower and homestead to a person other than the owner of the fee, or lease the same, before the dower and homestead have been set off and assigned. (*Best* v. *Jenks*, 123 Ill. 447.) Again, the appellant company was a party to the proceeding wherein it was decreed that the said premises should be sold free from the lease, and, not having reversed that decree, is bound by it.

The memorandum, wherein Mrs. Trendle agreed to purchase the legal title to the property, was a mere executory contract, and gave no right of possession. If it conferred any equitable right it would have to be enforced by suit in equity, and for its breach the only legal remedy would be a suit for damages.

It is urged that since the statute (chap. 45, sec. 19,) provides that a defendant in ejectment may plead the general issue, and under such pleading may give in evidence any matter that may tend to defeat the plaintiff's action, except as in the chapter otherwise provided, therefore the trial court erred in excluding evidence tending to show that appellee purchased the premises with means procured from Mrs. Trendle, and took title in his own name for the purpose of defrauding the appellant company out of its lease. As we have seen, the appellant company had no valid lease. The supposed fraud only goes to the consideration that was paid for the premises, and therefore was not an element of inquiry or admissible in proof in this action of ejectment. (*Escherick* v. *Traver*, 65 Ill. 379; *Reece* v. *Allen*, 5 Gilm. 236.) The case suggested by the proffered testimony was not one of a deed that is a nullity because of fraud used in its procurement. The excluded evidence was immaterial, and there was no error in the action of the court.

The judgment is affirmed.　　　　*Judgment affirmed.*