HERMAN PAPKE

*v.*

THE G. H. HAMMOND COMPANY.

*Opinion filed October 24, 1901—Rehearing denied December 11, 1901.*

1. APPEALS AND ERRORS—*finding of facts by Appellate Court con-
strued.* A finding by the Appellate Court, in its judgment, that the
plaintiff had released the defendant by a "valid writing," and fur-
ther stating that nothing is decided as to the right of the plaintiff
to have the release reformed in equity for fraud in procuring the
same, is, in effect, a finding that there was no fraud in the execu-
tion of the release.

2. RELEASE—*release cannot be avoided at law except for fraud in its
execution.* In an action at law a written release of damages cannot
be impeached for fraud not inhering in the execution thereof, but
which only goes to the extent of the consideration.

3. PRACTICE—*when the Appellate Court may enter judgment without
remanding.* If an application of the law to the facts found by the
Appellate Court leads to a particular judgment and the result can

not be different if the cause is remanded to the trial court, the Appellate Court may itself enter judgment without remanding.

4. PLEADING—*in case, a release may be given under the general issue.* In an action on the case a release executed after suit begun and issue joined may be given in evidence under the general issue, and it is not necessary that it be pleaded *puis darrein continuance.*

*G. H. Hammond Co.* v. *Papke,* 91 Ill. App. 563, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon, S. C. STOUGH, Judge, presiding.

This is an action on the case, brought by the plaintiff in error against the defendant in error to recover damages for personal injuries, sustained by the plaintiff in error, while working for the defendant in error in the latter's packing house. The trial in the court below resulted in a judgment in favor of the plaintiff in error for $8000.00. An appeal from this judgment was taken to the Branch Appellate Court for the First District. The latter court has reversed the judgment without remanding the cause, and has recited in its judgment of reversal certain facts as found by it.

The original declaration was filed on May 27, 1898, and consisted of one count. On April 24, 1899, plaintiff in error filed five additional counts. Defendant in error pleaded the general issue both to the original declaration and to the additional counts.

On the trial, defendant in error introduced in evidence a certain release, executed by the plaintiff in error, in the following words and figures, to-wit:

"Whereas, on or about the 27th day of January, 1898, I, Herman Papke, while engaged in the employment of the G. H. Hammond Company, was injured, and suit has been instituted to recover damages for said injury in the court of Cook county, Illinois; and whereas, it is proposed to compromise the said suit by the payment of five hundred fifty and no/100 dollars in full settlement, accord and satisfaction of all claims for damages alleged in said suit, or which I now have or may have as a con-

sequence of said injury, and for all future damage flowing there-from, and such sum of five hundred fifty and no/100 dollars has been paid to me, the receipt of which I hereby acknowledge:

"Now, therefore, in consideration of the premises, I hereby remise, release and forever discharge the said G. H. Hammond Company from all claims or demands of every sort arising from said injuries, and authorize the dismissal of the said suit without further notice to me or my attorneys.

"In testimony whereof I have hereunto set my hand and seal in duplicate, this third day of May, 1899.

HERMAN PAPKE.    (Seal.)

Witnesses to signature:

CARL LINDNER, W. Hammond, Ill.

J. EBY, W. Hammond, Ill.

J. M. WANNER, Hammond, Ill.

J. P. ROBINETTE.

May 3/99.

"STATE OF ILLINOIS, }
   *Cook County.*      } ss.

"I, Henry F. Lindner, a notary public, in and for the said county, in the State aforesaid, do hereby certify that Herman Papke, personally known to me to be the same person, whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth, including the release.

"Given under my hand and notarial seal this third day of May, A. D. 1899.

HENRY F. LINDNER, *Notary Public.*    (Seal.)"

The original judgment of reversal without remandment of the cause was entered by the Appellate Court on November 8, 1900, and the finding of facts, then made by the Appellate Court and embodied in its judgment, was as follows: "The court finds that, after the cause of action in the several counts of the declaration had accrued to appellee, and after his commencement of suit thereon, and after issue joined, the appellee, in consideration of $550.00, to him paid by appellant on May 3, 1899, by a valid writing, signed, sealed, witnessed and acknowledged, released and forever discharged the appellant from all claims or demands of every sort arising from

said injuries in said declaration, and each and every count thereof mentioned." Subsequently on November 16, 1900, the appellee in the Appellate Court, Herman Papke, the plaintiff in error here, moved the court to amend the finding of facts entered in said cause, which motion was allowed, and, thereupon, on the last named day the Appellate Court amended its finding of fact by adding the following words, to-wit: "This finding shall not be construed as a finding or judgment by us that appellee has, or has not, a remedy in equity for a reformation or setting aside of said release, for fraud in the procuring of the same."

James C. McShane, for plaintiff in error.

John B. Brady, and F. J. Canty, (C. LeRoy Brown, and J. C. M. Clow, of counsel,) for defendant in error.

Mr. Justice Magruder delivered the opinion of the court:

*First*—The finding of facts, originally made by the Appellate Court, and the amendment thereof subsequently allowed, must be read together as one finding of facts. By the finding of facts, made by the Appellate Court, that court found that the release, executed by the plaintiff in error and introduced in evidence by the defendant in error upon the trial below, was a bar to the right of recovery in this suit by the plaintiff in error. The Appellate Court has embodied in its judgment a finding, that the release was a valid writing, and that by it plaintiff in error released and forever discharged defendant in error from all claims or demands of every sort, arising from the injuries mentioned in the declaration. There was no finding by the Appellate Court, either that the release was obtained by fraudulent representations made to the plaintiff in error, or that it was not obtained by such fraudulent representations. This is clearly manifest from the language of the amendment to the finding

of facts, which sets forth that the court does not decide, whether the plaintiff in error has or has not a remedy in equity for a reformation or setting aside of said release for fraud in the procuring of the same.

In such cases, there may be fraud, which inheres in the execution of the instrument; that is to say, where the signer of the instrument is deceived into signing it by the belief that he is signing something other than that which he does really sign. Fraud in the execution of the instrument is practiced, where the instrument is misread to the party signing it, or where there is a surreptitious substitution of one paper for another, or where, by some other trick or device, a party is made to sign an instrument which he did not intend to execute. In such cases, the nature of the instrument signed is not fully understood by the party signing it. There is another kind of fraud, which consists in inducing the party, signing an instrument, to execute it by misrepresentation, or fraudulent representations as to collateral matters, or as to the nature and value of the consideration. In the latter class of cases, the party fully understands what he is signing, and is aware of the nature and character of the instrument executed by him, but is deceived by fraudulent representations as to facts outside of the instrument itself.

Where fraud of the first kind exists, that is to say, fraud in the execution of the instrument itself, it may be shown in an action at law; but where the fraud consists in fraudulent representations as to collateral facts, or as to the nature or value of the consideration of the instrument, equity must be resorted to to reform or set aside the instrument.

By finding that the release introduced in evidence in this case was a valid writing, and by further finding that nothing was decided as to the right of the plaintiff in error to pursue his remedy in equity, if he had one, for a reformation or setting aside of the release for fraud in

the procuring of the same, the Appellate Court has found that there was no fraud in the execution of the release. In this regard, the finding of facts by the Appellate Court was necessarily different from the finding of facts by the trial court, because the latter court could not have rendered judgment in favor of the plaintiff in error without finding that the release was not a bar to his right of recovery. It is apparent from the finding of the Appellate Court, that it excluded all evidence of fraudulent representations as not being germain to the issue, upon the ground that a court of law had no jurisdiction to try the question, whether or not the release had been obtained by fraudulent representations.

The evidence is clear, that plaintiff in error fully understood that he was signing a release of all his claims or demands against the defendant in error, arising from the injuries received by him while at work for the defendant in error. He fully understood the character of the instrument which he signed, and received the consideration named therein, to-wit: the sum of $550.00, and still retains the same. There is no claim on the part of the plaintiff in error, or his counsel, that there was any fraud in the execution of the instrument by any misrepresentation as to the character of the instrument signed. The only fraud, charged by the plaintiff in error, is that fraudulent representations as to collateral matters were made to him, in order to induce him to sign an instrument, which he well understood at the time to be, in its nature and effect, a release.

The finding of facts, made by the Appellate Court, would have been more complete, if the finding had proceeded to state that the release had not been obtained by any fraud in the execution thereof. But such finding is embraced and included in the general finding that the release was a valid writing. The finding, that it was a valid writing, was the finding of an ultimate fact, and the fact, that it was not procured by fraud in the execu-

tion, was merely an evidentiary fact. It is not necessary
that the Appellate Court, in embodying in its judgment
the finding of facts which the statute requires, should
find the merely subordinate or evidentiary facts which,
when established, contribute to the establishment of the
ultimate fact. It is the ultimate fact, which must exist,
in order to sustain the cause of action or defense. (*Trav-
elers' Ins. Co.* v. *Pulling,* 159 Ill. 603; *Hogan* v. *City of Chi-
cago,* 168 id. 551).

Where the Appellate Court makes such a finding of
facts, as is contemplated by section 87 of the Practice
act, this court may inquire, whether the law has been
correctly applied to the facts, to determine whether the
refusal to remand the cause was proper. (*Hogan* v. *City
of Chicago, supra*). If the Appellate Court has here em-
bodied in its finding of facts what appears to be a con-
clusion of law, it is apparent that its holding on such
question of law constitutes a holding of law on conceded
facts. (*Meyer* v. *Illinois Central Railroad Co.* 177 Ill. 591).

The main question of law, therefore, which is pre-
sented for our consideration is, whether, in this action at
law, it was proper to consider only fraud in the execu-
tion of the release, if there was any, and not fraud, con-
sisting of false representations as to the nature and value
of the consideration, upon which the release was based.

It seems to be well settled that, when the signature
to an instrument under seal is procured by false rep-
resentations, the nature of the instrument being fully
understood by the party signing it, the effect of such in-
strument can only be avoided by a separate proceeding
in equity.

Perhaps the leading case upon this subject in this
country is the case of *George* v. *Tate,* 102 U. S. 564, where
the Supreme Court of the United States say: "It is well
settled that the only fraud, permissible to be proved at
law in these cases, is fraud touching the execution of the
instrument, such as misreading, the surreptitious substi-

tution of one paper for another, or obtaining by some
other trick or device an instrument which the party did
not intend to give.  *  *  *  The remedy is by a direct
proceeding to avoid the instrument." In an action at
law, a written release, of the character of that here in-
troduced in evidence, cannot be impeached for fraud, not
inhering in the execution thereof, but which only goes to
the extent of the consideration.  In *Vandervelden* v. *Chi-
cago and Northwestern Railway Co.* 61 Fed. Rep. 54, it was
said: "In the States where the two systems of jurispru-
dence prevail,—of equity and the common law,—a court
of law refuses to open the question of fraud in the con-
sideration, or in the transaction out of which the consid-
eration arises, in a suit upon the sealed instrument, but
turns the party over to a court of equity, where the in-
strument can be set aside upon such terms as, under all
the circumstances, may be equitable and just between
the parties.  A court of law can hold no middle course;
the question is limited to the validity or invalidity of
the deed.  Fraud in the execution of the instrument has
always been admitted in a court of law; as, where it
has been misread, or some other fraud or imposition has
been practiced upon the party in procuring his signature
and seal.  The fraud in this aspect goes to the question
whether or not the instrument ever had any legal exist-
ence.  (*Hartshorn* v. *Day*, 19 How. 211).  *  *  *  It is,
therefore, necessary, where the party desires to escape
the legal bar created by a written instrument by him
duly executed, knowing, at the time of execution, its
legal effect, and especially where the other party has per-
formed the contract on his part, that the remedy should
be by means of a direct proceeding to avoid the instru-
ment, or, in other words, by a proceeding in equity.  Until
the instrument is annulled by a decree to that effect in a
further proceeding, its legal effect remains unimpaired.
It stands between the parties as a valid legal contract
of settlement; and, in an action at law upon the original

cause of action, the defendant may plead and rely upon it, and the court of law is bound to construe it and enforce it according to its legal effect. The legal effect of the release in this case is to bar the action of the plaintiff." (*Shampeau* v. *Connecticut River Lumber Co.* 42 Fed. Rep. 760; *Kosztelnik* v. *Bethlehem Iron Co.* 91 id. 606).

The same doctrine has been recognized and adopted by this court. In *Escherick* v. *Traver*, 65 Ill. 379, which was an action of ejectment, wherein the defendant, in order to avoid the effect of a deed introduced by the plaintiff and defeat a recovery, proposed to prove that he was induced to make and deliver the deed by means of representations made by the plaintiff, that the Iowa lands, which formed the main consideration of the deed, were good rolling prairie lands, and well adapted to farming purposes, and worth $20.00 an acre, and situated within thirty miles of a certain city, and near a railroad, which was in process of construction, and that such representations were false and fraudulent and made with a design to cheat and defraud the defendant, etc.; to all of which evidence the plaintiff objected, which objection the court sustained, and decided that such evidence was incompetent and inadmissible, the defendant excepting to the ruling; and, upon an appeal to this court by the defendant in that case from a judgment in favor of the plaintiff therein, this court held that fraudulent representations, made to induce the execution of a deed can not be admitted to defeat a recovery in ejectment, where the representations relate merely to the nature or value of the land. In *Escherick* v. *Traver*, *supra*, we said (p. 381): "Two distinct systems of jurisprudence prevail in this State,—one of equity and one of law. * * * Fraud and circumvention used in the procurement of the deed, or the fact that it was executed upon the belief that it was another paper, or that it was misread and its contents falsely stated, may be proved in an action of ejectment; but the consideration is not an element of inquiry;"

and it was there held that the "jurisdiction of such questions rightly pertains" to a court of chancery. (*Gage* v. *Lewis*, 68 Ill. 604).

In *Windett* v. *Hurlbut*, 115 Ill. 403, this court said (p. 405): "The rule is familiar, wherever the distinction between law and equity is preserved, that, in a trial at law, fraud in the execution of a deed may be given in evidence, as that, through misreading, or the substitution of one paper for another, or by other device and trickery, he was induced to seal it, believing, at the time, that he was sealing something else; and it may also be proved that what purports to be a deed, is in truth not a deed, but a forged instrument; but it cannot be proved that the transactions, which preceded and induced the execution of the deed, were fraudulent. Where a party knowingly and voluntarily signs a deed, although he do so in violation of his duty and of the laws, or be induced thereto by the fraudulent contrivances of others, yet if it be such, upon its face, as will convey title, it can only be impeached and set aside, and parol evidence be received for that purpose, in a court of equity."

The cases decided by this court, which are referred to by counsel for plaintiff in error as holding a contrary doctrine, will, upon examination of the facts thereof, be found to be consistent with the rule above announced. For instance, in *Illinois Central Railroad Co.* v. *Welch*, 52 Ill. 183, which was an action against a railroad company for injuries sustained by the plaintiff, and where a release executed by the plaintiff was introduced in evidence, it appeared that the plaintiff was induced to sign such release by representations that the release covered merely time or wages lost. So, in *Eagle Packet Co.* v. *Defries*, 94 Ill. 598, which was an action to recover damages for injuries sustained and where a release was introduced in evidence, it appeared that the physician, attending the injured person, practiced a fraud upon her, and made fraudulent representations by stating to her that the offi-

cers of the company had expended the amount of money, named in the receipt signed by her, for her benefit, and merely wanted something to show the company what the money had been expended for. So, also, in *Chicago, Rock Island and Pacific Railway Co.* v. *Lewis*, 109 Ill. 120, the injured party was made to believe that he was merely signing a receipt, instead of a release of his claims or demands against the company at whose hands he had suffered the injuries, for damages on account of which his suit had been brought. (20 Am. & Eng. Ency. of Law, p. 763, note 2). Thus, in the three cases last mentioned where the court permitted proof to be introduced as to the practice of fraud in the procurement of the releases, it appeared that the fraud consisted in false representations as to the character of the instrument itself which was signed, and that the parties signing were made to believe that they were executing mere receipts, instead of releases. Again, in *National Syrup Co.* v. *Carlson*, 47 Ill. App. 178, which was an action to recover damages for personal injuries and where a release was introduced in evidence, it is said that the party signing "was led to believe that it was a paper to enable the paymaster to show where the money went. He was told that he should sign his name for the money, and did so. The release was not fairly obtained, and did not operate to release the damages sued for." The judgment in the case last referred to was affirmed by this court in *National Syrup Co.* v. *Carlson*, 155 Ill. 210, where this court said (p. 216): "The question as to whether the release was executed with knowledge on the part of the appellee, or under circumstances that would bind him, was one of fact settled by the adjudications of the Appellate and trial courts."

For the reasons above stated, we are of the opinion that the law was correctly applied to the facts, as found by the Appellate Court.

*Second*—It is claimed on the part of the plaintiff in error, that evidence as to fraudulent representations of

collateral facts, and going to the nature and value of the consideration of this release, was introduced in evidence by the plaintiff in error upon the trial below, and was not then objected to by the defendant in error upon the ground now set up, namely, that such fraudulent representations, could not be properly proven in a court of law but belonged to the jurisdiction of chancery. After an examination of the record we are content with the following statement upon this subject, made by the Appellate Court in their opinion delivered upon their decision of this case: "It was material error to admit in evidence the matters tending to show how it was that appellee was induced to execute the release. * * * A diligent and careful consideration of the record satisfies us that the objections interposed by the appellant, and the course adopted in trying the case, saved the question for review."

The trial court erred in admitting the testimony as to the alleged fraudulent representations which did not inhere in the execution of the release. The error in admitting this evidence was an error of law, and, under ordinary circumstances, it would be the duty of the Appellate Court to reverse the cause for such error and remand it for a new trial. We have said: "Had the Appellate Court reversed the judgment on the ground that the trial court had erred in giving or refusing instructions, or erred in its ruling in the admission or exclusion of evidence, or in passing on any other legal question which might be obviated on another trial, then it would be the duty of the court to remand for another trial." (*Senger* v. *Town of Harvard*, 147 Ill. 304; *Hogan* v. *City of Chicago, supra*). Here, however, if the cause were remanded to the trial court, the trial court, under the ruling here made, would exclude the testimony in question if again offered upon another trial of the cause; and if such testimony were excluded, the judgment of the trial court would necessarily be in favor of the defendant in error, because there was no fraud in the execution of the

instrument, inasmuch as plaintiff in error admits that he signed the instrument, and understood its nature and character when he signed it. This being so, a remandment of the cause by the Appellate Court was unnecessary, inasmuch as the result of a reversal and remandment would necessarily be a judgment for defendant in error, and the present judgment of the Appellate Court, reversing without remandment; leads to and involves the same result.

Where an application of the law to the facts found by the Appellate Court leads to a particular judgment as a necessary consequence, and where the result cannot be different if the cause is remanded to the trial court, the Appellate Court is authorized itself to enter the judgment, which would thus necessarily result from the remandment of the cause. (*Manistee Lumber Co.* v. *Union Nat. Bank*, 143 Ill. 490).

*Third*—It is contended on behalf of the plaintiff in error that, inasmuch as the release introduced in evidence in this case was obtained after the suit was commenced and issue was joined, it should have been pleaded *puis darrein continuance.*

It is undoubtedly the general rule at common law, that a matter of defense, which arises after suit brought, and also after plea filed, and after issue joined, must be pleaded *puis darrein continuance.* (*Mount* v. *Scholes*, 120 Ill. 394). But an action on the case is an exception to this rule. "In such an action the defendant is permitted under the general issue to give in evidence a release, a former recovery, a satisfaction, or any other matter *ex post facto*, which shows that the cause of action has been discharged, or that, in equity and conscience, the plaintiff ought not to recover." (2 Greenleaf on Evidence, sec. 231; *City of Chicago* v. *Babcock*, 143 Ill. 358; *Kapischki* v. *Koch*, 180 id. 44; *Chicago, Wilmington and Vermilion Coal Co.* v. *Peterson*, 45 Ill. App. 507).

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*