The People of the State of Illinois ex rel. William H. Luthardt, Appellant, v. The Retirement Board of the Policemen's Annuity and Benefit Fund of Chicago et al., Appellees.

Gen. No. 37,109.

Opinion filed February 5, 1934.   Rehearing denied February 19, 1934.

CRESSY, HOOVER & CLEMENTS, for appellant; MORTON S. CRESSY and PRESTON CLARK, of counsel.

WILLIAM H. SEXTON, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellees; GEORGE F. MULLIGAN, Assistant Corporation Counsel, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Relator, William H. Luthardt, a police officer of Chicago, applied to the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago for the payment of a pension covering a period when he was retired from service; his application was denied; he applied for a writ of certiorari in the circuit court, asking that the order of the Retirement Board be vacated and that it be directed to allow him this pension; the writ was issued, and after hearing it was ordered that the writ of certiorari be quashed and the petition dismissed.   The relator appeals from this order.

June 30, 1915, Luthardt applied for and received a pension as a retired police officer; he continued to draw this up to September 1, 1930, at which date he was appointed an assistant corporation counsel of Chicago; he accepted the appointment and performed his duties as such assistant from September 1, 1930, until July 1, 1932; during this period his pension was suspended by

the Retirement Board. While he was an assistant corporation counsel he received from the city a salary of $500 a month; at the termination of this employment his pension was restored. In addition to this salary he now claims the right to collect the pension covering the same period that he was employed in the corporation counsel's office. This pension at $75 a month, for 22 months, amounts to $1,650.

The respondents say that Luthardt is not entitled to this pension by reason of the statute passed June 29, 1921, and also because he has signed a waiver which estops him from claiming the pension payments for the period covered by the waiver.

The provision of the statute is as follows:

"If any policeman who shall be a pensioner of any police pension fund in operation, by authority of law, in such city at the time this Act shall come in force and effect therein shall re-enter the service on or after the date upon which this Act shall come in force and effect in such city, payment of the annuity or pension granted to such policeman from such police pension fund shall be suspended while such policeman shall be in the service and shall be resumed when such policeman shall resign or be discharged from the service." Ch. 24, ¶ 914(35), sec. 35, Illinois Statutes (Cahill) 1931.

Counsel for the respondents argue that the provision that the pension shall be suspended "while such policeman shall be in the service" should be construed as meaning in the public service, including service in the office of the corporation counsel. The relator contends that these words mean in the service as a policeman. Without developing the point, we are inclined to hold that the latter construction is the proper one.

The respondents stand on much firmer ground when they rely upon the waiver signed by Luthardt. June 10, 1931, the city council passed an order that no person in the service of the city who was drawing a pension

should at the same time draw compensation from the city by virtue of employment in any of the departments of the city, and that no such person should be so employed unless such pensioner should execute and file a waiver of his pension payments during the period of his employment by the city.

Pursuant to this order, Luthardt on July 6, 1931, signed a waiver which recites that, in view of his appointment in the corporation counsel's office, he waived payment of his pension during the time he received a salary from the city. The relator argues that this waiver was invalid because it was signed under compulsion and duress. There was no duress in the matter. Luthardt was not compelled to sign the waiver. There was simply put up to him a choice as to which of two sources of income from the city he would prefer to receive, and he evidently preferred to retain his salary of $500 a month as assistant corporation counsel. Both his pension and salary were collected from the taxpayers. It was unreasonable for him to receive both. He very wisely chose to accept the larger amount and is estopped to claim the smaller sum also. Luthardt must have understood this, and in executing the waiver exercised his free will. When a waiver or release is understandingly executed it is legally binding and furnishes a complete bar to action. *Woodbury v. United States Casualty Co.*, 284 Ill. 227; *Papke v. Hammond Co.*, 192 Ill. 631.

Counsel for relator argue that as the waiver was not signed until July 6, 1931, it can be valid only as to the pension from that date forward and cannot relate back to the date of his appointment as assistant corporation counsel. The waiver by its terms waives payment of pension during the time the relator receives a salary from the City of Chicago. This covers the entire period.

The order of the city council did not amend any act of the legislature. The Cities and Villages Act gave to the city council the power to regulate the employees of cities. Ch. 24, ¶ 65(71), Illinois Statutes (Cahill) 1929. The order of June 10, 1931, which was executive in character, intended to govern the several departments and the appropriations of the compensation to the employees of those departments. Such an order is valid. *Anderson v. Village of Berwyn,* 135 Ill. App. 8.

We are in accord with the argument of counsel for the respondents, that the payment of the pension to the relator during the period of his employment in the corporation counsel's office of the city is against public policy. The public policy of a State may be found in its constitution, statutes, judicial decisions and constant practice of the government officials. *Zeigler v. Illinois Trust & Savings Bank,* 245 Ill. 180. Our constitution has no provisions relating to pensions, as, at the time of its adoption in 1870, pension funds for public officers did not exist.

The statute above quoted indicates the public policy. It forbids the payment of a pension to a policeman while at the same time he receives a salary as policeman. This policy of the State is also shown in sections 34 and 35 of the statute relating to Firemen's Pension Fund, where it is provided for the suspension of pension funds of firemen who re-enter the service. Ch. 24, ¶¶ 941(34), 941(35), Illinois Statutes (Cahill) 1931.

We are told that it has been the uniform practice of officials supervising pension funds to confine the payment of pensions solely to persons who are retired, and not to pay a pension to one who has re-entered the public service. Pensions are universally construed as rewards for long, continued service, paid upon retirement from such service. All pensions of public employees are paid upon their retirement. To permit

a retired public servant to receive a pension and re-enter the public service, collecting both his salary and his pension, is contrary to the spirit and purpose of all pension legislation.

For the reasons indicated the judgment order of the circuit court was proper and it is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.