James F. Kelly, Appellee, v. The Retirement Board of the Firemen's Annuity and Benefit Fund of the City of Chicago, Appellant.

Gen. No. 39,462.

Opinion filed November 16, 1937.

BARNET HODES, Corporation Counsel, and GEORGE F. MULLIGAN, Assistant Corporation Counsel, for appellant; GEORGE F. MULLIGAN, Assistant Corporation Counsel, of counsel.

JAMES W. BREEN, of Chicago, for appellee.

Mr. Presiding Justice Friend delivered the opinion of the court.

James F. Kelly filed in the superior court a petition for a writ of certiorari directed to the Retirement Board of the Firemen's Annuity and Benefit Fund of the City of Chicago, respondent, seeking to review the record and proceedings had before the board in the matter of the suspension of payment of petitioner's pension as a retired fireman. The writ of certiorari issued as prayed and thereafter respondent filed its return setting forth its complete record in the matter of the suspension of payment of the pension to petitioner. Upon hearing it was ordered and adjudged by the court that the record of respondent be quashed. This appeal followed.

From the record produced by respondent it appears that petitioner was a member of the Chicago fire department from December 1, 1906, until November 15, 1933, and having then attained the age of 55 years voluntarily resigned from the position of engineer in the fire department and was thereafter from November 15, 1933, to March 1, 1936, paid a pension of $120 a month from respondent's fund.

It further appears from the record that December 29, 1932, while still a member of the fire department, petitioner was certified to the Board of Education of the City of Chicago by the civil service commission for appointment as engineer-custodian, and was appointed to that position on January 3, 1933, laid off March 24, 1933, reinstated October 23, 1933, laid off April 11, 1934, reinstated May 22, 1934, promoted to engineer-custodian, grade 3, January 22, 1935, and that he receives a salary from the board of education of $315 a month.

March 24, 1936, respondent, on the recommendation of its claim committee, directed that the pension check of petitioner be "temporarily withheld," and that he

be requested to appear before the claims committee. Upon his refusal to appear as directed and by reason of his employment by the board of education, respondent, on June 15, 1936, ordered that payment of his pension be discontinued "during such period as he may be employed by the Chicago Board of Education," and that the secretary of the retirement board "procure such information on his past employment as may be necessary for the proper adjustment of his account in this fund."

It is conceded that petitioner completed his service of more than 20 years and had passed the age at which he became legally entitled to the annuity granted to him under the provisions of the act. However, the act creating the retirement board (§§ 1 *et seq.,* ¶ 941 (1), ch. 24, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 100.286 *et seq.*), in providing for the creation of the fund and disbursements to be made therefrom, also provides (§ 34a, ¶ 941 [34], ch. 24, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 100.319) that if any fireman who has retired and been granted an annuity shall re-enter the service, the annuity shall be suspended while such fireman shall be in the service, and shall be resumed when he resigns or retires. It is not contended that defendant re-entered the service of the fire department. He was, however, appointed engineer-custodian by the board of education.

Respondent argues that to allow petitioner, a public servant retired on a pension, to re-enter the public service and to draw both his salary and a pension from the same body of taxpayers is contrary to the spirit and purpose of pension legislation and against public policy. *People ex rel. Luthardt v. Retirement Board,* 273 Ill. App. 387, wherein the Supreme Court (281 Ill. App. xl) subsequently denied leave to appeal, is cited and relied on chiefly to support this contention. Counsel for the retirement board say that the decision in

the *Luthardt* case has been considered by the trustees of the respondent to be binding upon them and that they have followed that decision in the instant case. In many respects the facts of the *Luthardt* case are similar to the circumstances in this proceeding. Luthardt applied for and received a pension as a retired police officer of Chicago from June 30, 1915, to September 1, 1930, at which date he was appointed an assistant corporation counsel of Chicago, and, as petitioner states in his brief, assigned for service to the police department where he performed his duties as such assistant corporation counsel from September 1, 1930, to July 1, 1932. During this period his pension was suspended by the retirement board. While he was an assistant corporation counsel he received from the city a salary of $500 a month. At the termination of his employment his pension was restored. In addition to his salary he claimed the right to collect the pension covering the same period that he was employed in the corporation counsel's office. This pension ($75 a month for 22 months) amounted to $1,650. The retirement board disallowed his claim and he thereupon applied for a writ of certiorari in the circuit court, asking that the order of the retirement board, denying him payment of a pension covering the period when he was retired from service, be vacated. The writ issued, but upon hearing the writ was ordered quashed and his petition dismissed. Upon appeal the order of the circuit court was affirmed.

In the foregoing particulars the two cases are similar, but certain circumstances in the *Luthardt* case differentiate the two proceedings. The city council had on June 10, 1931, passed an order that no person in the service of the city drawing a pension should at the same time draw a salary from the city by virtue of employment in any of the departments of the city, and that no such person should be so employed unless

he first executed and filed a waiver of his pension payments during the period of his employment by the city. Pursuant to this order Luthardt, on July 6, 1931, signed a waiver which recited that in view of his appointment in the corporation counsel's office he waived payment of his pension during the time he received a salary from the city. It was argued that the waiver was invalid because as Luthardt contended it was signed under compulsion and duress, but the court held that there was no compulsion or duress in the matter.

It was contended by respondent in the *Luthardt* case that the provision requiring the pension to be suspended "while such policeman shall be in the service," should be construed as meaning in the public service, including service in the office of the corporation counsel. The relator argued, on the other hand, that these words should be construed to mean in the service as a policeman. The court disposed of these contentions by saying, "without developing the point, we are inclined to hold that the latter construction is the proper one." The court, however, was of the opinion that "the respondent stands on much firmer ground when they rely upon the waiver signed by Luthardt." Following this statement in the opinion the court devoted a considerable portion thereof to a recital of the facts relative to the waiver signed by Luthardt, and concluded that Luthardt wisely chose to accept the larger amount, and since there was no duress or compulsion he was estopped to claim the smaller amount.

It was argued in the *Luthardt* case, as it is here, that the public policy of the State may be found in its constitution, statutes, judicial decisions and constant practice of the government officials, and that based upon the history and background of pensions it was

never intended that one who has retired on pension should be allowed to draw a salary in another branch of the public service. The court expressed itself as being in accord with the argument that the payment of a pension to the relator during the period of his employment in the corporation counsel's office of the city was against public policy, and pointed out that the statute creating the retirement board indicates the public policy of this State, forbidding the payment of a pension to a policeman while at the same time he receives a salary as policeman, and by implication the court apparently extended the public policy of the State to forbid payment of a pension to a policeman, who at the same time receives a salary in another branch of the public service.

Considering the circumstances of the *Luthardt* case it is fair to conclude from the opinion of the court that its decision was based principally upon the waiver signed by Luthardt, which, if voluntarily given, estopped him from later claiming his pension while receiving a salary in the corporation counsel's office. Although the Supreme Court denied Luthardt's petition for leave to appeal, no reason is stated therefor, and it may well be that the court was of the opinion that the decision of the Appellate Court rested securely on the waiver circumstances of that case. The Supreme Court has frequently held that a denial of certiorari is merely an approval of the conclusion reached by the Appellate Court, being in effect an affirmance of the judgment and not necessarily an approval of all the reasons given in the Appellate Court opinion for its judgment. (*Marks v. Pope,* 289 Ill. App. 558.)

It is conceded that the retirement board, being created by statute, derives its powers solely from the statute; that the legislature has exclusive and com-

plete control over matters providing for payment of pensions or annuities; and that pensions being in the nature of bounties of the government which it has a right to give, withhold, distribute or recall at its discretion, the legislature may enact laws directing how pension funds shall be raised, when and to whom they shall be paid, and to make other necessary provisions pertaining to the administration of pensions. Therefore, when the legislature enacts pension laws it becomes the duty, not only of boards administering them, but also of the courts, to enforce the laws enacted according to their plain and unmistakable provisions. The provision in this statute relating to the suspension of pensions appears to us to be clear and unambiguous, and it therefore requires no construction. It provides that when an applicant becomes a pensioner and re-enters the fire service the board has power to suspend payment of his pension during the time he was re-employed "in the service," and this clearly refers only to service in the fire department. In the *Luthardt* case, where it was also argued that the statute ought to be broadly construed, the court said that it was "inclined to hold" that the construction of the language of the statute relating to the suspension of a policeman's pension upon re-entering the service, means service in the police department.

The law relating to the duty of courts to give effect to plain statutory enactments has frequently been considered in this State, and is well stated in *Stiles v. Board of Trustees,* 281 Ill. 636, at p. 642, as follows: "If, then, it is true that such matters are peculiarly and entirely within the control of the legislature so far as the interest of the pensioner is concerned, it is true so far as anyone else is concerned. *The legislature having spoken, it is the duty of the courts to enforce the law as enacted, according to its plain and*

*unmistakable provisions. The courts have no power to change the statute and under the guise of judicial construction either bestow or take away a pension, much less is there such power in a civil service commission or in the respondent board, which are creatures of the statute and cannot rise above the source of their powers. If, as contended by counsel for appellee, the pension roll is a roll of honor, it is for the legislature, and no other governmental agency, to prescribe the conditions for being on such roll."* (Italics ours.)

*Roddy v. Valentine,* 268 N. Y. 228, is the only authority other than *Luthardt* case cited by either of the parties which is at all similar to the circumstances of this proceeding. There the petitioner had retired from service and was granted an annual pension to be paid from a fund created by a statute similar to ours. Under the provisions of the statute the payment of the pension could be suspended temporarily "if the pensioner takes office, employment or position under the State or City of New York or any of the counties included within said City." After being awarded a pension of $1,250 per annum he was employed as chief of police of the city of Long Beach, New York, for a period of 15 months. During that time payment of his pension was suspended, and he thereupon brought suit to recover the unpaid amount. The question presented was whether the statute affected his right to receive his pension during the time he was employed by the city of Long Beach, and it was held that where the statutory conditions for retirement existing when application is made have been met, and the award of the pension or benefit has been made, or as of right should have been made, "the interest becomes vested and takes on the attributes of a contract, which in the absence of statutory reservations, may not legally be diminished or otherwise adversely affected by subse-

quent legislation." The court recognized the incongruity of allowing the pensioner to draw a pension as a retired policeman from the annuity fund in New York city and at the same time a salary as an active policeman in a neighboring city, but said that that was a right granted or at least not denied to him under the statute when he retired, and "we take the statute as we find it."

If it be incongruous for a retired employee to receive a salary in another branch of the service after his retirement as well as his pension, that is a matter for the legislature to remedy. It has frequently been held that to impose conditions other than those imposed by the legislature would be to change the law by judicial construction, and therefore we do not feel justified in holding that it violates the public policy of the State to permit petitioner to draw the salary in question and at the same time receive a pension annuity under the statute. The statute in question was purely a legislative enactment, and it is for the legislature to amend it if it becomes subject to abuses that contravene the public weal.

For the foregoing reasons the order and judgment of the superior court should be affirmed and it is so ordered.

*Order and judgment affirmed.*

SCANLAN and JOHN J. SULLIVAN, JJ., concur.